Rodolfo F. Aponte, peticionario, *v.* Tribunal de Distrito de San Juan, Hon. José M. Calderón, Juez, demandado; Luis C. Cuyar, interventor.

Núm. 3.—*Sometido:* Abril 2, 1948. *Resuelto:* Mayo 25, 1948.

*Manuel Ledesma Dávila,* abogado del peticionario; *F. Fernández Cuyar,* abogado del interventor, demandante en el pleito principal.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

A petición del Administrador de Inquilinato de Puerto Rico y de acuerdo con el artículo 7 de la Ley de Alquileres Razonables (Ley núm. 464, aprobada el 25 de abril de 1946 (1) pág. 1327), expedimos auto de *certiorari* para revisar la sentencia dictada por el Tribunal del Distrito Judicial de San Juan en el caso núm. 5798, de *Luis C. Cuyar* v. *Oficina de Administración de Inquilinato,* sobre recurso de revisión. Los hechos, sucintamente expuestos, son los siguientes:

Luis C. Cuyar, desde antes del año 1946, es dueño de un edificio en la Avenida Fernández Juncos de Santurce, el cual consistía de dos pisos divididos en dos apartamientos cada uno y dedicados a alquiler para viviendas. Después del primero de enero de 1946 el Sr. Cuyar, habiendo obtenido los permisos oficiales correspondientes, modificó dicho edificio habilitando la primera planta para dos locales comerciales y construyendo una tercera planta con dos apartamientos para viviendas. Dicha obra fué terminada dentro del año siguiente. Para habilitar la primera planta para los dos locales comerciales hubo que demoler las paredes interiores, construir doce columnas para sostener unas vigas de acero, cambiar la fachada eliminando las puertas que antes existían y construyendo otras más amplias, además de dos vitrinas. De hecho, lo único que se utilizó de la vieja construcción fueron las paredes laterales y el piso. Desde antes de terminarse las obras las personas que más tarde las arrendaron del Sr. Cuyar sugirieron

ciertos cambios en las mismas que fueron adoptados para habilitar los locales a la clase de negocios a que iban a ser dedicados. Terminada la obra, el Sr. Cuyar arrendó los dos locales para fines de negocios, mediante contratos escritos, al Sr. Ramón I. Gil por canon mensual de $200, por un término de cinco años, con opción a prórroga por cinco años adicionales, y al Sr. Julius Warden, por igual canon, pero por un término de tres años, con opción a prórroga por tres años adicionales, lo que informó a la Administración de Inquilinato el 5 de junio de 1947.

El 22 de julio de 1947, el Administrador de Inquilinato notificó al Sr. Cuyar que como consecuencia de una investigación preliminar practicada se proponía reducir el alquiler máximo de cada uno de los dos locales comerciales de $200 a $127 por mes, y le concedió cinco días para radicar cualquier oposición acompañada de "la evidencia escrita que sostenga sus objeciones". El Sr. Cuyar contestó por escrito y se opuso a la rebaja del alquiler, haciendo constar lo siguiente:

"(1) Porque los referidos locales comerciales comenzaron a edificarse efectivamente después del día 1 de enero de 1946 y se terminaron dentro del año siguiente, no siéndoles aplicables, en consecuencia, las disposiciones del Reglamento de Inquilinato, ni las de la Ley número 464 de 1946 según enmendada (Artículo 24).

"(2) Porque la reducción del alquiler máximo que se propone hacer esa Administración no está justificada ya que el canon de $200 por mes, convenido libre y espontáneamente por el inquilino y el dueño del inmueble no es ni irrazonable, ni excesivo, ni opresivo.

"Es por las razones antes expresadas que el opositor, don Luis C. Cuyar respetuosamente solicita se dicte una orden en este procedimiento archivando el mismo definitivamente, sin tomarse acción alguna en el mismo."

El 14 de agosto de 1947, el Administrador Interino de Inquilinato notificó al Sr. Cuyar que "después de la debida investigación y estudio de la evidencia disponible,(1) el Ad-

(1) Es un hecho admitido que no se celebró vista alguna por el Administrador antes de dictar esta resolución.

ministrador es de opinión que los hechos en este caso justifican una rebaja del alquiler máximo por los motivos consignados en el artículo 5 *c* (1) del Reglamento de Inquilinato para locales comerciales''(2) y ordenó la rebaja del alquiler en cada local de $200 a $127 por mes.

No conforme el Sr. Cuyar con la orden del Administrador, radicó en el tribunal inferior el recurso de revisión autorizado por el artículo 7 de la Ley de Alquileres Razonables y celebrada la vista correspondiente dicho tribunal anuló la orden por·dos motivos: primero, porque de acuerdo con el artículo 24 de la ley mencionada los locales comerciales del Sr. Cuyar están exentos de las disposiciones de la ley en cuanto al importe del canon a cobrarse y, segundo, porque el Administrador de Inquilinato no celebró audiencia alguna en la que se le diera al Sr. Cuyar la oportunidad de ser oído antes de ordenarse la.rebaja en los cánones de arrendamiento,· no obstante hacerse constar en la orden que la misma se basaba en la investigación y evidencia obtenida. Para revisar esta sentencia fué que expedimos, como hemos dicho, el auto en este caso.

██ El artículo 24 de la Ley de Alquileres Razonables dispone, en lo pertinente, que:

''Con el propósito de estimular el programa de construcciones en Puerto Rico, por la presente se declara exenta de las disposiciones de esta Ley en cuanto ,al importe del canon a cobrarse durante la emergencia, toda propiedad de alquiler para negocios y propósitos comerciales e industriales que empiece a edificarse efectivamente en o después del día primero de enero de 1946, y que se termine dentro del término de un año a contar de esa fecha, a menos que el Administrador, por causa justificada, prorrogare dicho término por un período que en ningún caso excederá de un año adicional.''

(3)El artículo 5*c*(1) dispone: ''Motivos para rebajar el alquiler. El Administrador, a iniciativa propia o a solicitud del inquilino, podrá en cualquier momento ordenar una reducción del alquiler máximo por los siguientes motivos únicamente:

''(1) Alquileres Máximos mayores que otros alquileres comparables. El alquiler máximo aplicable según el artículo 4, es irrazonable, excesivo u opresivo.''

Toda la controversia en este caso gira alrededor del hecho de si los dos locales comerciales que el Sr. Cuyar habilitó en el edificio de su propiedad constituye o no una propiedad de alquiler para negocios y propósitos comerciales que empezó a *"edificarse efectivamente"* en o después del primero de enero de 1946 y que se terminó dentro del plazo de un año a contar de esa fecha.

Arguye el peticionario que como cuestión de hecho el Sr. Cuyar no edificó ni construyó dichos locales, sino que se limitó a acondicionar unos apartamientos residenciales para convertirlos en locales para negocios y que, por lo tanto, la exención provista en el artículo 24, supra, no es de aplicación a este caso; que dicha exención cubre única y exclusivamente las construcciones nuevas, esto es, las propiedades o edificaciones que no existían antes de enero 1 de 1946 y que se empezaron a construir efectivamente en o después de dicha fecha y se terminaron dentro del año siguiente. Esto no obstante, el propio peticionario admite en su alegato que "podría ocurrir que una propiedad de alquiler se considerara como nueva y exenta de reglamentación, a pesar de que como cuestión de hecho la misma no sea total y absolutamente de nueva construcción desde su fundación hasta su azotea. Una propiedad de alquiler podría ser de tal manera reconstruída y reformada que acreditara ser incluída entre las propiedades exentas de reglamentación de acuerdo con la ley. Cada caso debe resolverse a base de sus propios méritos."

Los hechos probados en el presente caso sostienen, a nuestro juicio, la conclusión a que llegó el tribunal inferior. El interventor, Sr. Cuyar, no se limitó en la obra realizada a acondicionar los dos apartamentos residenciales para utilizarlos como locales comerciales sino que, más bien, reconstruyó su edificio y adicionó una tercera planta con dos apartamientos para residencias y reconstruyó la primera planta,

eliminando los dos apartamientos que tenía y los convirtió en dos locales de alquiler para negocios o para fines comerciales. De hecho, estos dos locales constituyen dos nuevas edificaciones, aun cuando el edificio en que están ubicados no fuera una construcción nueva.

Al definir la frase ''propiedad de alquiler'', el artículo 22 de la ley dice que ''incluye . . . casa y edificación que se use en todo *o en parte* para negocios, oficinas profesionales, o propósitos comerciales o industriales''. (Bastardillas nuestras.) Si la propiedad de alquiler para negocios y propósitos comerciales a que se refiere el artículo 24, supra, puede incluir toda la propiedad o parte de ella, es obvio que la edificación a que se refiere dicho artículo que debe empezarse efectivamente en o después del primero de enero de 1946 y que se termine dentro del año siguiente, puede referirse también tanto a la totalidad de la propiedad como a parte de ella.

La prueba del interventor demostró que en las obras realizadas en su edificio, de la primera planta sólo se utilizaron las paredes laterales y que las paredes interiores fueron demolidas, la fachada reconstruída y toda ella habilitada de nuevo para dos locales propios para negocios o propósitos comerciales, siguiendo, en parte, las sugestiones de los actuales arrendatarios.

La intención del legislador al aprobar el artículo 24, supra, fué sin duda estimular el programa de construcciones en Puerto Rico, según lo expresa dicho artículo, y, como consecuencia, aumentar el número de locales comerciales existentes en el año 1946. Creemos, sin embargo, que una interpretación razonable de dicho artículo no excluye de sus disposiciones aquellos casos, como el presente, en que, como cuestión de hecho, se ha aumentado la propiedad de alquiler para negocios y propósitos comerciales al reconstruirse una propiedad ya existente, sin eliminar los apartamientos

residenciales que en dicha propiedad existían al ser los mismos trasladados a la tercera planta construída.([³])

No erró el tribunal inferior al resolver que el artículo 24, supra, es aplicable a un caso como el presente.

*Se confirmará la sentencia apelada.*

El Juez Asociado Sr. De Jesús no intervino.

([³]) Tenemos conocimiento de que el 15 de mayo de 1948 se aprobó la Ley núm. 201 para tener efecto inmediato. Dicha ley, al enmendar el artículo 6 de la Ley núm. 464 de 1946, según enmendado por la Ley núm. 37 de 1947, dispone, en lo pertinente, que "Ninguna mejora capital, ni la reconstrucción del edificio, ni la conversión de una vivienda en local comercial o de un local comercial en vivienda, se considerará nueva edificación a los efectos del artículo 24 de esta Ley."

Aceptando, sin resolverlo, que esta enmienda pueda tener el alcance de autorizar al Administrador a fijar el alquiler de los locales aquí envueltos, el presente caso no queda afectado. Las órdenes dictadas por el Administrador el 14 de agosto de 1947, son nulas por no estar autorizadas por la ley vigente en dicha fecha.