MANUEL LEDESMA DÁVILA, ADMINISTRADOR DE INQUILINATO DE PUERTO RICO, peticionario, *v.* TRIBUNAL DEL DISTRITO JUDICIAL DE SAN JUAN, HON. JOSÉ M. CALDERÓN, JR., Juez, demandado; PEDRO MARTÍNEZ, interventor.

Núm. 26.—*Sometido:* Febrero 1, 1951. *Resuelto:* Abril 25, 1952.

*Fernando Martínez Vélez*, abogado del peticionario; *Rodolfo F. Aponte*, abogado del interventor, recurrente en el pleito principal.

EL JUEZ ASOCIADO SEÑOR NEGRÓN FERNÁNDEZ emitió la opinión del tribunal.

Pedro Martínez—aquí interventor—es dueño de un edificio de concreto, de una planta, en la Avenida Blanco de Río Piedras. Dicho edificio se comenzó a construir en el mes de febrero de 1947 y se terminó cinco meses más tarde. Está dividido en siete locales comerciales. Su renta mensual, desde que fué por primera vez arrendado a mediados de 1947, fué de $290 (seis locales a $40 y el séptimo, que ofrecía mayores facilidades, a $50).

El 30 de noviembre de 1948 el Administrador de Inquilinato, actuando bajo las disposiciones del artículo 6, párrafo sexto, de la Ley de Alquileres Razonables—Ley núm. 464 de 25 de abril de 1946 ( (1) pág. 1327), según quedó enmendada en dicho artículo por la núm. 201 de 15 de mayo de 1948—(1) y fundándose en los motivos consignados en el artículo 5, inciso *c*, párr. (1) del Reglamento de Inquilinato para locales Comer-

---

[1] El párrafo sexto del artículo 6 de referencia dispone:

"Si la vivienda o edificación fuere de construcción posterior al primero de octubre de 1942, el Administrador fijará el alquiler razonable sobre la base del coste de construcción de dicha vivienda o edificio; entendiéndose que en ningún caso el alquiler razonable, computado por una anualidad, excederá del doce (12) por ciento del coste de la obra."

ciales (²) promulgado por el Administrador con fecha 1ro de diciembre de 1946, ordenó una rebaja del alquiler máximo de la propiedad fijando la renta mensual en la suma de $182 para la totalidad del edificio. (Seis locales a $25 y el séptimo a $32.) Dicho alquiler máximo fué calculado por el Administrador al tipo de 12 por ciento anual sobre el costo del inmueble, el que estableció en la suma de $18,300. El 12 por ciento de referencia es el máximo permitido por la ley.

No conforme el propietario, interpuso—al amparo del artículo 7 de la Ley 464—(³) recurso de revisión ante el tribunal inferior. Éste procedió a celebrar un juicio *de novo* en el cual recibió prueba, tanto del propietario como del Administrador, fuera de aquélla que tuvo éste ante sí para decretar la rebaja de los alquileres.

En su opinión y sentencia, después de analizar la prueba desfilada, el tribunal inferior resolvió que el valor razona-

---

(²) Dicho artículo dispone en su parte pertinente:

"*c. Motivos para rebajar el alquiler.*—El Administrador, a iniciativa propia o a solicitud del inquilino, podrá en cualquier momento ordenar una reducción del alquiler máximo por los siguientes motivos únicamente:

"(1) *Alquileres máximos mayores que otros alquileres comparables.* El alquiler máximo aplicable según el artículo 4, es irrazonable, excesivo u opresivo."

(³) Dicho artículo dispone:

"Cualquier regla, reglamento, orden o determinación del Administrador será revisable por la Corte de Distrito de San Juan mediante el correspondiente recurso de revisión, que podrá establecer la parte afectada dentro de los diez (10) días siguientes a la fecha en que fuere promulgada o notificada dicha regla, reglamento, orden o determinación; *Disponiéndose, sin embargo,* que si el recurso tuviere por única finalidad la revisión de una orden o determinación aumentando o rebajando el canon de arrendamiento, tal recurso podrá establecerse en la corte de distrito del distrito en que radique la propiedad concernida, confiriéndose por la presente jurisdicción a dichas cortes para conocer de tales recursos de revisión.

"Por la presente se confiere jurisdicción exclusiva a la Corte de Distrito de San Juan para determinar la validez de cualquier regla, reglamento, orden o determinación del Administrador.

"La interposición del recurso de revisión a que se refiere este artículo no suspenderá los efectos de la regla, reglamento, orden o determinación del Administrador.

"El Tribunal Supremo de Puerto Rico, en ejercicio de su discreción, podrá revisar mediante *certiorari* las resoluciones o sentencias que dictaren las Cortes de Distrito en los recursos de revisión a que se refiere este artículo."

ble de la propiedad era $28,257.80. A esta suma llegó fijando un valor de $12,493.80 al solar y $15,264 al edificio. El valor adjudicado al solar fué a base de lo que consideró, de acuerdo con la prueba, que era el valor del mismo en el mercado al construirse el edificio, y no el costo de dicho solar el 18 de febrero de 1944 en que fué adquirido por el propietario, $4,003.64, que fué tomado por el Administrador. Aplicando el mismo coeficiente de 1 por ciento mensual sobre dicho valor, determinó que la renta mensual del edificio debería ser $282 y declaró nulas e inexistentes las órdenes por las cuales el Administrador decretó las rebajas en los alquileres máximos del mencionado edificio. Contra esa sentencia se estableció el presente recurso de *certiorari*.

El primer error imputado al tribunal inferior es el de haber anulado la determinación del Administrador en cuanto al costo de construcción de la propiedad en controversia, a pesar de estar dicha determinación sostenida por la prueba. Los errores segundo y tercero van dirigidos a impugnar la apreciación que de la prueba pasada en el juicio *de novo* hizo el tribunal inferior, y el cuarto a impugnar en forma general la sentencia anulando las órdenes del Administrador.

Aun cuando el peticionario, al argumentar su primer señalamiento de error, entra a analizar la prueba presentada por el Administrador en el juicio *de novo* ante el tribunal inferior, y arguye que la misma es suficiente para sostener su determinación administrativa decretando las rebajas en los alquileres de los locales en el edificio del interventor, sostiene por otro lado que la función judicial en un recurso de revisión, como el provisto por la ley para casos como el presente, es la de revisar solamente cuestiones de derecho, entre ellas, la de si la actuación del Administrador está sostenida por evidencia sustancial.

A pesar de que en el pasado, y en recursos de revisión similares al que nos ocupa, este Tribunal entró a considerar las cuestiones en ellos suscitadas tomando como punto de partida los hechos probados originariamente en el tribunal de distrito

en juicios *de novo, Aponte* v. *Tribunal de Distrito,* 68 D.P.R. 839; *Ledesma, Admor.* v. *Tribl. de Distrito,* 71 D.P.R. 87; *Blanes* v. *Tribunal de Distrito,* 71 D.P.R. 325,(⁴) creemos llegado el momento de fijar definitivamente el alcance de la revisión judicial provista por la ley en cuanto a las órdenes o determinaciones hechas por el Administrador de Inquilinato para ante el tribunal de distrito.

El artículo 7 de la Ley núm. 464, véase nota 3, establece un procedimiento de revisión mediante el cual la parte afectada por una regla, reglamento, orden o determinación del Administrador de Inquilinato puede acudir a la Corte de Distrito de San Juan (hoy Tribunal de Distrito de Puerto Rico, Sección de San Juan), dentro de los 10 días siguientes a la fecha de su promulgación o notificación, a fin de que la misma sea revisada.   Si el recurso tuviere por única finalidad la revisión de una orden o determinación aumentando o rebajando el canon de arrendamiento, la parte afectada puede establecer su recurso de revisión "en la corte de distrito del distrito en que radique la propiedad concernida".   La interposición de dicho recurso no suspende los efectos de la regla, reglamento, orden o determinación del Administrador contra la cual se interpone el mismo.

En el presente caso se trata de una orden o determinación del Administrador de Inquilinato decretando una rebaja en los cánones de arrendamiento de un edificio construído en el año 1947 y la finalidad del recurso de revisión interpuesto por el aquí interventor ante el tribunal inferior fué la revisión de dicha orden o determinación.

Como hemos visto, el estatuto no dispone expresamente que en el tribunal de distrito se celebre un juicio *de novo.*   En ausencia de una disposición expresa en tal sentido, la revisión judicial no toma la forma de un juicio *de novo.   Rivera* v. *Benítez, Rector,* ante pág. 377; *Víctor Mfg. & Gasket Co.* v. *National Labor Relations Bd.* (C. A. 7, 1949), 174 F. 2d 867, 868; *cf. New York* v. *United States,* 331 U. S. 284, 91 L. ed.

---

(⁴) En dicho caso los hechos fueron estipulados por la peticionaria y el Administrador de Inquilinato en el tribunal de distrito.

1492; *Shields* v. *Utah Idaho R. Co.*, 305 U. S. 177, 83 L. ed. 111; *Gray* v. *Powell*, 314 U. S. 402, 86 L. ed. 301. Es regla establecida en el aún creciente campo del derecho administrativo americano que "la función judicial se cumple cuando se encuentra una base racional para las conclusiones de la agencia administrativa," (5) sin que deba llegarse en dicha función a sustituir el criterio del tribunal por el de la agencia administrativa cuya actuación—generalmente en materia especializada—se intenta revisar. *Railroad Commission* v. *Oil Co.*, 310 U. S. 573, 84 L. ed. 1368, opinión enmendada en 311 U. S. 614, 85 L. ed 390; Parker, *Administrative Law* (1951) 276-277; Davis, *Administrative Law* (1951) 468 *et seq.;* Schwartz, *American Administrative Law* (1950) 114. La función judicial en la revisión de órdenes o determinaciones administrativas está limitada a la revisión del récord de los procedimientos habidos ante la agencia administrativa, para resolver si al hacer dichas determinaciones se cometieron errores de derecho y si las mismas están respaldadas por evidencia sustancial. *Rivera* v. *Benítez, Rector,* supra; *Rivera* v. *Junta Rel. Trabajo*, 70 D.P.R. 342; *Universal Camera Corp.* v. *Labor Bd.*, 340 U. S. 474, 95 L. ed. 456; *Addison* v. *Holly Hill Co.*, 322 U. S. 607, 88 L. ed. 1488; *United States* v. *Morgan*, 307 U. S. 183; *New York* v. *United States,* supra; *Landis, Crucial Issues in Administrative Law*, 53 Harv. L. Rev. 1077.

Si bien el debido procedimiento de ley está cumplido cuando el estatuto provee un juicio *de novo* como medio de revisión judicial, *Burjois, Inc.* v. *Chapman*, 301 U. S. 183, 81 L. ed. 1027; Parker, supra, pág. 51, bajo la regla que informan las modernas tendencias del derecho administrativo al limitar el alcance de la revisión judicial de procedimientos habidos ante una agencia administrativa al récord—para considerar únicamente cuestiones de derecho y determinar si las conclusiones de hecho que sirven de base a la actuación administrativa están sostenidas por evidencia sustancial—el debido procedimien-

---

(1) El Juez Cardozo en *Miss. Valley Barge Co.* v. *United States*, 292 U. S. 282, 78 L. ed. 1260.

to requiere que la persona que haya de resultar afectada por la actuación administrativa reciba aviso previo de la acción que se contempla y tenga la oportunidad de ser oída y de ofrecer ante dicha agencia la prueba documental y testifical de que disponga. Para que la revisión judicial pueda válidamente circunscribirse al objetivo apuntado, la agencia administrativa debe formar un récord completo de los procedimientos llevados a cabo ante ella, incluyendo la prueba documental y la transcripción de la evidencia oral admitida. *Godreau & Co. v. Com. Servicio Público*, 71 D.P.R. 649; *Rivera v. Benítez, Rector, supra*; Davis, *The Requirement of Opportunity to be Heard in the Administrative Process*, 51 Yale L. J. 1093. Y es "una sencilla pero fundamental regla de derecho administrativo" que "el ordenado funcionamiento del proceso de revisión requiere que la base sobre la cual actuó la agencia administrativa aparezca claramente y esté adecuadamente sostenida." *Securities Comm'n v. Chenery Corp.*, 332 U. S. 194, 91 L. ed. 1995; *Securities Comm'n v. Chenery Corp.*, 318 U. S. 80, 87 L. ed. 626; Davis, *Administrative Findings, Reasons and Stare Decisis*, 38 Cal. Law Rev. 218.

Lo anteriormente expuesto es suficiente para anular la sentencia del tribunal inferior que a su vez anuló las órdenes del Administrador decretando las rebajas en los alquileres de la propiedad del interventor, pues aquélla tuvo por base la prueba pasada en el juicio *de novo*, habiendo sustituído el juez sentenciador su criterio por el del Administrador en cuanto a la renta razonable de la propiedad. Tales funciones corresponden al Administrador por ley. Sin embargo, conforme a las normas antes apuntadas en cuanto al alcance de la revisión judicial que autoriza el artículo 7 de la Ley de Alquileres Razonables, deberá el tribunal inferior entonces determinar, por las constancias en el récord de los procedimientos habidos ante el Administrador de Inquilinato, si dicho récord cumple o no con los requisitos antes expuestos, si se ha cometido algún error de derecho, según las alegaciones de la petición de revisión radicada por el propietario, y si existe evidencia sus-

tancial para sostener las órdenes decretando las rebajas en los alquileres. En cualquiera de estos casos tiene facultad para dejar las órdenes sin efecto y devolver el caso al Administrador, pero no para dictar las órdenes que pueda considerar razonables si estuviera actuando en el nivel administrativo.

En vista de lo anterior se hace innecesario considerar los demás señalamientos de error.

*Se anulará la sentencia recurrida y se devolverá el caso al tribunal inferior para ulteriores procedimientos no inconsistentes con esta opinión.*