AUGUSTO R. DE CHABERT, peticionario, *v.* TRIBUNAL DE DISTRITO DE PUERTO RICO, SECCIÓN DE SAN JUAN, HON. J. M. CALDERÓN, JR., JUEZ, demandado; JUAN A. PONS, COMISIONADO DE SALUD y JUNTA DE PERSONAL, interventores.

Número 1948.

*Sometido:* 7 de noviembre de 1952. *Resuelto:* 21 de abril de 1953.

*Mariano Acosta Velarde* y *Daniel Pellón Lafuente*, abogados del peticionario; *Hon. Secretario de Justicia José Trías Monge (Víctor Gutiérrez Franqui, Exprocurador General,* en el alegato) y *Edgar S. Belaval, Procurador General Auxiliar,* abogados de los interventores, demandados en el pleito principal.

PER CURIAM: Éste es un caso típico de litigación fragmentada (*piecemeal litigation*) que no está favorecida por los tribunales.

Habiendo la Junta de Personal confirmado una orden del Comisionado de Salud destituyendo al peticionario del cargo de Auxiliar Administrativo de la División de Hospitales que ocupaba en el Departamento de Salud, solicitó éste del Tribunal de Distrito, hoy Tribunal Superior, que revisara dicha decisión, a tenor con lo dispuesto en la sección 31 de la Ley núm. 345 de 12 de mayo de 1947 ((1) pág. 595) conocida como Ley de Personal, que en lo pertinente provee:

"La autoridad nominadora, o el funcionario o empleado querellado cuando éste hubiere sido destituído, podrá solicitar revisión ante la corte de distrito donde prestare servicios el empleado o funcionario dentro del término de cinco (5) días a partir de la notificación de la decisión de la Junta. Dicha revisión solamente podrá concederse sobre cuestiones de derecho, y las conclusiones sobre hechos a los cuales llegare la Junta serán aceptadas por la corte. La corte resolverá dentro de los treinta (30) días siguientes a la vista del caso. La sentencia de la corte de distrito será definitiva."

Sin haber sido elevado el récord de los procedimientos seguidos, incluyendo la evidencia presentada ante la Junta, según el requerimiento, debidamente diligenciado, del tribunal a quo, y no obstante haberse consignado en el "escrito de revisión o apelación" radicado en dicho tribunal, entre otros fundamentos para la revisión, los de que existía carencia absoluta de evidencia para sostener los cargos 5, 6 y 11 que encontró probados dicha Junta y de que se privó al peticionario

de un juicio imparcial y del debido proceso de ley por haberse admitido evidencia perjudicial, inadmisible en derecho—los cuales requerían el examen de dichos procedimientos—se aprobó por el tribunal a quo una estipulación a los efectos de que el mismo "al resolver el caso" considerara "como hechos ciertos y probados" los que consignaron las partes en dicha estipulación. Ésta, sin embargo, no giraba alrededor de la prueba presentada en relación con los cargos en sí, sino alrededor de ciertas circunstancias que era necesario establecer para que el tribunal pudiera considerar varias de las cuestiones de derecho planteadas por el peticionario en su escrito de revisión y contenía expresamente la reserva de que la misma se hacía "sin que las partes renuncien a presentar en su día los autos y evidencia practicada" ante la Junta.

 No podemos sancionar los procedimientos seguidos en el tribunal a quo. La base para la revisión judicial provista por la sección 31 de la Ley de Personal es el récord de los procedimientos seguidos ante la Junta. Véanse *Rivera v. Benítez, Rector*, 73 D.P.R. 377 y *Ledesma, Admor.* v. *Tribunal de Distrito*, 73 D.P.R. 396, en los cuales establecimos el alcance de la revisión judicial de determinaciones administrativas. El récord aquí no fué elevado, y la estipulación sobre "hechos ciertos y probados" no tenía el propósito de constituir, ni constituía un *récord estipulado* que pretendiera sustituir el récord oficial de la Junta.

█ La sección 31 de la Ley 345 autoriza una sola pieza de revisión judicial, y no más. Ésta debe completarse en un solo procedimiento, no fragmentarse. Mucho menos tomando como base hechos que las partes someten al tribunal para que se tengan por "ciertos y probados", como si se estuviera en un juicio *de novo*, que la ley no autoriza. La función del tribunal en la revisión provista en la Ley 345 no es llegar a conclusiones sobre los hechos. Esa función corresponde a la Junta, y sus determinaciones en ese sentido deben ser aceptadas por el tribunal siempre que estén sostenidas por evi-

dencia sustancial. *Rivera v. Benítez, Rector* y *Ledesma, Admor.* v. *Tribunal de Distrito*, ambos supra.

*En este estado del caso, y por considerarlo de vital importancia para el ordenado desarrollo de los procedimientos judiciales, se anula, sin entrar a considerar las cuestiones planteadas, el auto expedido, y se ordena la devolución del caso al tribunal recurrido para que, una vez el récord de la Junta ante él, dicte aquella sentencia que a su juicio corresponda en derecho.*