FÉLIX MEJÍAS SANTANA, ADMINISTRADOR DE LA ADMINISTRACIÓN DE ESTABILIZACIÓN ECONÓMICA, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. RAMÓN CANCIO, JUEZ, demandado; MIGUEL GAVILLÁN, interventor.

Número 2134.

*Sometido:* 2 de abril de 1956. *Resuelto:* 31 de mayo de 1956.

---

*Juan T. Peñagarícano* y *Carlos Coll Carpintero,* abogados del peticionario; *E. Martínez Avilés,* abogado del interventor, peticionario en el recurso de revisión ante el Tribunal Superior.

EL JUEZ PRESIDENTE SEÑOR SNYDER emitió la opinión del Tribunal.

El 30 de septiembre de 1953 el Administrador de Estabilización Económica expidió dos órdenes fijando cánones máximos de alquiler para dos locales del edificio ubicado en el núm. 1065 de la calle Las Palmas de Santurce, en un monto de $56.20 y $17.25 al mes, respectivamente. Miguel Gavillán, propietario del edificio, radicó una solicitud de revisión ante el Tribunal Superior, el cual dictó sentencia anulando estas órdenes. Expedimos el auto en la petición de *certiorari* interpuesta por el Administrador para revisar la sentencia del Tribunal Superior.

No nos detendremos a examinar ciertos pasos dados con anterioridad al año 1953 tanto por el propietario como por el Administrador. La primera actuación relevante, a nuestros fines, fué la notificación del Administrador, fechada 8 de julio de 1953, al efecto de que se proponía fijar un canon global provisional al edificio ascendente a $60 mensuales *a base del costo de construcción*—excepto el solar—de $6,000. Esta suma era menor que el canon que el propietario había estado cobrando con anterioridad a dicha fecha. El Administrador usó el costo de construcción en su orden reduciendo el canon porque la Ley de Alquileres Razonables dispone que si un edificio ". . . fuere de construcción posterior al primero de octubre de 1942, el Administrador fijará el alquiler razonable sobre la base del coste de construcción . . .". 17 L.P.R.A. sec. 186.

La notificación decía que se celebraría una vista sobre los méritos el 5 de agosto de 1953. A esta vista sólo asistieron como testigos Gavillán y su ingeniero. El propietario declaró que el edificio se había construído *antes* del 1ro. de octubre de 1942 pero no se había alquilado en dicha fecha. Bajo estas circunstancias la Ley de Alquileres Razonables prescribe que ". . . el Administrador fijará el alquiler razonable sobre la base de los alquileres que prevalecían en Puerto Rico para . . . edificios similares durante el año que terminó el primero de octubre de 1942." 17 L.P.R.A. sec. 186.

El Administrador reconoció que su orden provisional del 8 de julio de 1953 se había basado en una mala interpretación en cuanto a la fecha de construcción del edificio. El 30 de septiembre de 1953—sin celebrar ninguna otra vista—el Administrador expidió las órdenes aquí envueltas fijando los cánones de los dos locales del edificio en $56.20 y $17.25 al mes, respectivamente. Las órdenes dicen que este alquiler fué fijado sobre la base de los alquileres prevalecientes en Puerto Rico para locales similares durante el año que terminó en octubre 1ro. de 1942. Estas órdenes estaban acompañadas por un informe de un examinador que dice que una lista de locales específicos fué usada a fin de obtener los alquileres comparables para 1942 y que se le adicionó un 15% para mejoras capitales.

El 13 de octubre de 1953 Gavillán radicó una moción de reconsideración de las órdenes de 30 de septiembre de 1953. Entre otros motivos, esta moción alegaba que el Administrador no había tomado en consideración alquileres de comparabilidad de ocho edificios que específicamente señalaba, y que los locales tomados por el Administrador no eran de hecho comparables con el edificio aquí envuelto ya que estaban localizados en zonas comerciales de menos importancia que la de la calle Las Palmas. El Administrador declaró sin lugar la moción de reconsideración manifestando (1) que sólo uno de los locales sometidos por Gavillán estaba inscrito, con un alquiler máximo fijado por el Administrador de $47.15; y

(2) que los locales usados por el Administrador para fines de comparación al fijar las rentas aquí envueltas se encuentran en una zona comercial superior a la de la calle Las Palmas.

El Administrador, mediante su orden del 8 de julio de 1953, inició en efecto un procedimiento para la reducción del canon. La Ley de Alquileres Razonables dispone que "[e]l Administrador fijará reglas de procedimiento para la presentación, audiencia y resolución de las solicitudes de rebaja o aumento en el alquiler que radicaren inquilinos o propietarios, según fuere el caso; *Disponiéndose,* que el Administrador no dictará resolución en ninguna solicitud de aumento o rebaja de alquiler hasta después de haber citado a las partes para que aleguen lo que a su derecho convenga." 17 L.P.R.A. sec. 186. Convenimos con el Administrador en que la Asamblea Legislativa no dispuso en esta ley todas las formalidades de un estricto procedimiento judicial. Pero el Administrador venía obligado a concederle al propietario una vista en la que éste pudiera presentar prueba en apoyo de su posición y pudiera controvertir cualquier evidencia en que el Administrador quisiera descansar y que pudiera afectar adversamente al propietario. *Ledesma, Administrador* v. *Tribunal de Distrito,* 73 D.P.R. 396.([1])

En este caso se celebró la correspondiente vista cuando el Administrador primeramente se propuso fijar el canon sobre la base de los costos de construcción. Pero posteriormente —en virtud del testimonio aducido en la vista—el Administrador llegó a la conclusión que él venía obligado a usar alquileres comparables de 1942 para otros locales con el fin de fijar el canon en este caso. En ese momento—bien fuere en una

---

([1]) Siempre y cuando que las partes interesadas tengan acceso a los autos en o antes de la vista y siempre que a aquéllas se les dé la oportunidad de controvertir cualquier prueba en ellos, convenimos con el Administrador en que deben considerarse los autos completos del caso, tanto por el Administrador como por el Tribunal Superior, al resolver éste la solicitud de revisión. Esto es a tenor con nuestra decisión al efecto de que, además de celebrar una vista, el Administrador debe formar un récord completo de la prueba en que basa su orden a los fines de la revisión judicial que provee la ley. *Ledesma, Administrador* v. *Tribunal de Distrito,* supra.

nueva vista o en apoyo de su moción de reconsideración—Gavillán tenía derecho a probar, de serle posible, que los locales mencionados por él eran comparables en 1942 con su edificio y que aquéllos en que el Administrador tenía la intención de descansar no debían usarse para dichos propósitos. Nunca se le dió esta oportunidad, según lo exige el estatuto. Por el contrario—tanto en sus órdenes del 30 de septiembre de 1953 como en su denegatoria de la moción de reconsideración—el Administrador resolvió que el edificio de Gavillán era comparable a los locales especificados por el examinador y no a los locales mencionados por Gavillán, sin darle a éste oportunidad de presentar prueba sobre esta cuestión. El Tribunal Superior, en consecuencia, actuó correctamente al resolver que el no haber el Administrador celebrado la correspondiente vista en este caso trajo por resultado la nulidad de las órdenes del 30 de septiembre de 1953 fijando los cánones para los dos locales del edificio en $56.20 y en $17.25 al mes, respectivamente. ([2])

*El auto de certiorari será anulado.*

---

([2]) No vemos fin práctico alguno en discutir el caso de *Bowles* v. *Willingham*, 321 U. S. 503, 519–520, en que descansa el Administrador. Como hemos visto, nuestra Ley de Alquileres Razonables—que es la que gobierna aquí—específicamente dispone la celebración de una vista antes de que se aumente o rebaje un canon de alquiler. En el caso de autos no se celebró tal vista con respecto a la cuestión de los alquileres comparables para 1942.