Isaías Lozada et al., demandantes y apelantes, *v.* Antonio Roig, Sucesores, demandada y apelada.

Núm. 10602.—*Sometido:* Marzo 3, 1952. *Resuelto:* Marzo 26, 1952.

*Víctor M. Bosch* y *Carlos Carrera Benítez,* abogados de los apelantes; *J. López Baralt,* abogado de la apelada.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

Acogiéndose a lo dispuesto por la Ley núm. 10 de 14 de noviembre de 1917 (Vol. II, pág. 217) según ha sido enmendada, más de cien obreros acudieron ante el Tribunal de Distrito de Puerto Rico, Sección de Humacao, con una

demanda sobre reclamación de salarios contra Antonio Roig, Sucesores. En la primera causa de acción en ella expuesta alegaron haber trabajado en diferentes empleos en la factoría de la demandada, durante las zafras de 1948, 1949 y 1950, un promedio de 48 horas semanales, sin haber recibido compensación a tiempo y medio del tipo regular correspondiente, por las horas trabajadas en exceso de la jornada regular de 40 establecida por la ley. Y en la segunda que la demandada empleó a los demandantes en diferentes ocupaciones desde la vigencia del Decreto Mandatorio núm. 3 de la Junta de Salario Mínimo (28 de abril de 1943) hasta la zafra de 1950, durante más de 8 horas en distintos períodos de 24 horas, sin que les pagara por las horas trabajadas en exceso de 8 a razón de tiempo doble, de acuerdo con el apartado B(2)(a) de dicho Decreto.

Después de varios incidentes que a los fines de esta opinión es innecesario reseñar, las partes suscribieron y presentaron una "Estipulación Solicitando Sentencia", que reza en lo esencial así:

"1. Con fecha 8 de mayo de 1951 este Honorable Tribunal dictó sentencia sumaria desestimando la primera causa de acción contenida en la demanda.

"2. Con fecha de —— de julio de 1951 los querellantes desistieron, con perjuicio, de las reclamaciones contenidas en la segunda causa de acción correspondientes a los años 1943, 1944, 1945, 1946 y 1947.

"3. Las partes solicitan se dicte sentencia a favor de los reclamantes que aparecen en la lista que se acompaña a esta estipulación,(1) por las cantidades que aparecen al lado. del nombre de cada reclamante, haciendo un total de $225.44, todo ello en cuanto a la reclamación correspondiente al año de 1948, y se añada una penalidad civil adicional de otros $225.44 repartida entre los dichos reclamantes de conformidad con ley; desestimándose toda otra reclamación para el año de 1948 que no aparezca en la lista o *exhibit* de referencia.

"4. Los demandantes desisten, con perjuicio, de las reclamaciones correspondientes a los años de 1949 y 1950, ya que la

---

(1) En la lista figuran los nombres de 13 obreros.

demandada ha pagado para esas zafras el cambio de turno a tipo doble.

"5. Las partes aclaran que esta estipulación no constituye en forma o manera alguna una transacción de las reclamaciones, y en sentido contrario representa acuerdo sobre el pago completo a que tienen derecho los querellantes.

"6. Y finalmente solicitan los querellantes que se les concedan honorarios de abogado, de conformidad con la disposición del artículo 25 de la Ley de Salario Mínimo en vigor, en una suma no menor de $50 para cada uno de los reclamantes cuyas reclamaciones han sido sostenidas; sosteniendo la querellada que los querellantes no tienen derecho a honorarios en la forma solicitada; y solicitando ambas partes de mutuo acuerdo que se le dé un término de 15 días para radicar alegatos sobre el punto de honorarios.

"7. Solicitan las partes que la sentencia que se dicte a base de esta estipulación se tenga por final y firme, porque renuncian su derecho de apelar de la misma, excepto en cuanto al pronunciamiento en cuanto a honorarios de bogado sobre el cual las partes quedan en libertad de apelar; y solicitan que se le dé a la sentencia el carácter de *res judicata* como si dictada después de oír los méritos del caso."

De acuerdo con lo estipulado, en 28 de agosto de 1951 el tribunal inferior dictó sentencia declarando con lugar la querella en cuanto a los 13 reclamantes y haciendo constar en el párrafo final de la misma lo siguiente:

"En cuanto a los honorarios de abogado el Tribunal estima que no puede interpretar la sección 25 de la Ley núm. 8 de Salario Mínimo, de fecha 5 de abril de 1941, en el sentido de que por cada obrero que en esta acción haya tenido éxito en su reclamación deba fijarse un mínimo de $50 para cada uno de ellos por concepto de honorarios de abogado ya que si fuera así éstos serían completamente irrazonables y fija como cantidad razonable la suma de $150 cuya suma deberá satisfacer la demandada."

No conformes los demandantes apelaron "en cuanto al pronunciamiento de honorarios de abogado". En apoyo del recurso interpuesto sostienen que el tribunal inferior erró "al no condenar a la demandada a satisfacer a cada uno de los reclamantes cuya reclamación había sido sostenida una

suma no menor de $50 en concepto de honorarios de abogado". Al discutir este error señalado insisten en que la mera lectura de la sección 25 de la Ley núm. 8 de 5 de abril de 1941 (pág. 303) sugiere claramente, porque lo dice su lenguaje claro y castizo, que cada obrero o empleado tendrá derecho a recibir: (1) la diferencia adeudada hasta cubrir el importe total de la compensación que corresponda; (2) una cantidad igual por concepto de penalidad adicional y (3) honorarios de abogado del procedimiento "en suma razonable que nunca bajará de cincuenta (50) dólares." Nos concierne tan sólo la proposición que figura anteriormente bajo el número 3. Veamos:

■■ La sección 25 de la Ley 8 de 1941, según fué enmendada por la núm. 451 de 14 de mayo de 1947 (págs. 951, 969) dispone en lo esencial que:

"Todo obrero o empleado que por su trabajo reciba compensación distinta o inferior a la prescrita para cualquier industria, negocio u ocupación *de acuerdo con esta Ley o cualquier decreto, reglamento, resolución u orden de la Junta,* tendrá derecho a cobrar mediante acción civil la diferencia adeudada hasta cubrir el importe total de la compensación que le corresponda, más una cantidad igual a la que se le haya dejado de satisfacer, por concepto de penalidad adicional, además de las costas, gastos *y honorarios de abogado del procedimiento, estos últimos en suma razonable que nunca bajará de cincuenta (50) dólares,* sin que para nada de ello obste pacto en contrario.

"Podrán acumularse en una sola acción las reclamaciones que tuvieren varios o todos los trabajadores o empleados contra un patrono común por trabajos realizados en el mismo establecimiento, empresa o sitio..." (Bastardillas nuestras.)

En este caso los obreros reclamantes en vez de presentar demandas separadas se acogieron a lo preceptuado por el párrafo segundo de la sección 25, supra, y acumularon en una sola acción sus distintas reclamaciones contra la demandada. Ello no significa, sin embargo, que al declararse con lugar su demanda colectiva deban concederse individualmente a cada uno de ellos honorarios de abogado en una suma

razonable que nunca será menor de cincuenta dólares. Tal cosa parecería ilógica y contraria al propósito que animó al legislador al permitir que los obreros hicieran una reclamación conjunta. Mediante la acumulación de sus respectivas reclamaciones ellos se evitan multiplicidad de vistas y las consiguientes demoras y logran una decisión final con mayor celeridad. Como al así actuar únicamente hay un procedimiento, lo lógico es que se conceda globalmente en favor de todos los obreros victoriosos una suma total por concepto de honorarios de abogado, que puede ser distribuída a prorrata entre todos ellos. Decimos esto porque, como es sabido, los honorarios de abogado pertenecen a la parte victoriosa y no al abogado que la representa. *Canals* v. *Great American Indemnity Co.*, 56 D. P. R. 457; *García* v. *Aguayo*, 46 D. P. R. 340; *A. Méndez & Hno.* v. *Chavier*, 39 D. P. R. 731; *Casals* v. *Rosario*, 34 D. P. R. 77.

█ █ El autorizar que en casos como el presente, en que está envuelto un número crecido de reclamantes, se dicte sentencia concediendo a cada uno de ellos una cantidad mínima de $50 por concepto de honorarios de abogado produciría con frecuencia un resultado irrazonable y absurdo. Los tribunales deben evitar semejantes resultados. *Orta* v. *Registrador*, 60 D. P. R. 789, 793, 794; *Serra Garabís & Co.* v. *Municipio*, 42 D. P. R. 468, 479; *Celis Alquier* v. *Méndez*, 18 D. P. R. 88. En el caso de autos, por ejemplo, si se autorizara tal cosa, la suma mínima a concederse a los 13 obreros por concepto de honorarios sería la de $650. Sin embargo, la diferencia adeudada a ellos ($225.44) más una cantidad igual a la que se dejó de satisfacerles, según la sentencia dictada, sólo asciende a $450.88. Por consiguiente, de accederse a la contención de los demandantes, se les estaría dando por concepto de honorarios una suma superior a la total concedídales. Por otra parte, si en vez de dictarse sentencia tan sólo a favor de 13 obreros, los ciento y pico de obreros que originalmente demandaron hubieran salido

victoriosos, entonces el resultado sería verdaderamente iló-gico. Nos parece en verdad que el propósito del legislador fué que cuando varios obreros acumulan sus reclamaciones en casos de esta naturaleza, la suma a concederse por concepto de honorarios de abogado lo sea por el procedimiento instado y no por el derecho individual de cada uno de ellos. Además, la cuantía concedida por este concepto nos parece razonable. La conclusión del tribunal a quo se ajustó, por tanto, a derecho.

El artículo 2 de la Ley 402 de 12 de mayo de 1950 (pág. 955) preceptivo de que: "En todo caso radicado ante las cortes de Puerto Rico por un trabajador o empleado en que se reclame cualquier derecho o suma de dinero por servicios prestados a su patrono y en que se conceda la reclamación en todo o en parte se condenará al patrono al pago de honorarios de abogado, si éste no fuere uno de los abogados del Departamento del Trabajo..." (²) no altera en forma alguna la conclusión a que antes hemos llegado.

*Debe confirmarse la sentencia apelada.*

(²) Los abogados que representaron a los obreros reclamantes no eran funcionarios del Departamento del Trabajo.