Los Jueces Asociados Sres. Ortiz y Sifre no intervinieron.

COLONOS DE CAÑA DE SANTA JUANA, INC., ETC., ET AL., peticionarios, *v.* JUNTA AZUCARERA DE PUERTO RICO, recurrida.

Número 6.

*Sometido:* 2 de junio de 1954. *Resuelto:* 5 de noviembre de 1954.

---

*Víctor Gutiérrez Franqui, Lino J. Saldaña, Luis F. Sánchez Vilella, C. Morales, Jr.,* y *Sarah Torres Peralta,* abogados de los peticionarios; *Alejandro Romanace* y *Federico Rodríguez Gelpí,* abogados de la recurrida; *Fiddler, González & Nido,* abogados de la .interventora, Eastern Sugar Associates *(a Trust).*

EL JUEZ PRESIDENTE SEÑOR SNYDER emitió la opinión del Tribunal.

Se trata de una solicitud radicada por ciertos colonos bajo el art. 33 de la Ley Azucarera de Puerto Rico—Ley núm. 426, Leyes de Puerto Rico, 1951 (pág. 1139)—para revisar

cierta parte de una orden de la Junta Azucarera que resuelve que cuando Eastern Sugar Associates, dueños y operadores de la Central Santa Juana, tomen posesión física de la caña de los colonos dentro de las fincas de éstos o en sitios adyacentes a las mismas, la central no viene obligada bajo el art. 6 de la Ley núm. 426 a suministrar servicio de grúa sin costo alguno para los colonos en sus fincas o en sitios adyacentes a éstas. (¹)

El caso de *Eastern Sugar Associates* v. *Junta Azucarera*, núm. 2, resuelto en el día de hoy (ante pág. 358), envolvía un aspecto diferente del problema de servicio de grúa gratis bajo el art. 6. En dicho caso resolvimos (1) que si la central toma posesión física de la caña de los colonos en un punto intermedio entre la finca del colono y el molino, bajo el art. 6 el sitio intermedio es el punto de entrega, no empece el hecho de que la central designó el batey del molino como el punto de entrega; y (2) que el art. 6 así interpretado no viola el debido procedimiento de ley en tanto en cuanto exige a la central que suministre servicio de grúa gratis en el punto intermedio. Aquí, como hemos visto, la cuestión es si los colonos

(¹) El art. 6 se transcribe al pie de la letra en el escolio 1 del caso de *Eastern Sugar Associates* v. *Junta Azucarera*, núm. 2, resuelto en el día de hoy. La disposición específica aquí envuelta es la oración que dice así: "La central estará obligada a proveer a todos sus colonos, sin costo alguno para éstos, servicio de grúa y el personal necesario para su operación en cada sitio que la central designe para la entrega de cañas."

Colonos de Caña de Santa Juana, Inc., una asociación con fines no pecuniarios, cuyos miembros son los colonos de la Central Santa Juana, fué también uno de los querellantes ante la Junta y es también uno de los aquí peticionarios. La orden de la Junta, con las conclusiones de hechos, fué expedida después de celebrarse una vista en la que se presentó prueba.

En el caso de *Eastern Sugar Associates* v. *Junta Azucarera*, núm. 7 resuelto en el día de hoy por opinión *per curiam*, confirmamos aquella parte de la orden de la Junta a la cual la central se opuso: (1) pago de 7½¢ a ciertos colonos por tonelada de caña bajo el art. 6 por gastos de arrastre y arrimo; (2) suministro de servicio de grúa gratis bajo el art. 6 a ciertos colonos que, al igual que los colonos en el caso de *Eastern Sugar Associates* v. *Junta Azucarera*, núm. 2, resuelto en el día de hoy, entregan sus cañas a la central luego de transportarlas ellos mismos a un punto intermedio entre sus fincas y el molino.

tienen derecho a tal servicio de grúa gratis en sus propias fincas o en sitios adyacentes a las mismas.

 Convenimos con la Junta en que la Asamblea Legislativa no tuvo por miras disponer en el art. 6 que se suministrara servicio de grúa gratis y el personal necesario por las centrales a los colonos en sus fincas o en sitios adyacentes a éstas. Resolvimos en el caso de *Eastern Sugar Associates* v. *Junta Azucarera*, núm. 2, resuelto en el día de hoy, que bajo el art. 6 el factor predominante para determinar el punto de entrega, a los fines del servicio de grúa gratis, es donde la central de hecho toma posesión física de la caña *cuando la elección estriba entre caracterizar el molino o un punto intermedio como el sitio de entrega.* Pero en dicha situación el colono carga su caña y la transporta él mismo, bien sea toda la ruta hasta el molino o bien hasta un punto intermedio. Cuando el colono transporta la caña él mismo desde su finca hasta el molino, realmente no hay necesidad de exigir servicio de grúa gratis ya que las centrales siempre han operado—y en la vida de las cosas siempre operarán—sus propias grúas en sus molinos. De esto surge que, al disponer en el art. 6 servicio de grúa gratis en el molino, la Asamblea Legislativa enfocaba su atención hacia el punto intermedio—no hacia el molino excepto incidentalmente, y ciertamente no hacia la finca del colono. Si un colono lleva sus cañas a un punto intermedio, es necesario no solamente cargarla en la finca sino también transbordarla en el punto intermedio para ser llevada por la central al molino. Y es el servicio de grúa en relación con el transbordo en el punto intermedio lo que el art. 6 exige a las centrales que suministren gratis a los colonos. Pero, como resolvió la Junta, al así proveerlo la Asamblea Legislativa no tuvo por miras que su lenguaje cubriera la carga de la caña en la finca del colono o en los sitios adyacentes a ésta. Fué sólo para el transbordo en el punto intermedio—y la descarga en la central, que se incluyó por mera precaución, ya que las centrales indudablemente continuarían este servicio sin costo alguno para los colonos—que la Asamblea Legislativa

quiso asegurarle a los colonos el servicio de grúa gratis. A la luz de lo anteriormente expuesto, concluímos que el servicio de grúa gratis se requiere solamente cuando el "punto de entrega" es un sitio al cual el propio colono transporta su caña por toda o parte de la ruta al molino. Por consiguiente, la Junta no cometió error al negarse a exigirle a la central en este caso que suministrara servicio de grúa gratis a aquellos colonos cuyas cañas son recibidas por la central dentro de las fincas de los colonos o en sitios adyacentes a éstas.

 Existe alguna fuerza en el argumento de los peticionarios al efecto de que el art. 6 (a) dispone que el servicio de grúa gratis sea suministrado a *todos* los colonos ". . . en cada sitio que la central designe para la entrega de cañas." Pero, por los motivos aquí expuestos, la palabra "todos" en este contexto significa todos los colonos que entregan sus cañas en puntos intermedios. Debemos, dondequiera que sea posible, evitar interpretar un estatuto en forma tal que nos lleve a un resultado irrazonable. *Lozada* v. *Antonio Roig, Sucrs.*, 73 D.P.R. 266, 270; *Pueblo* v. *Mantilla*, 71 D.P.R. 36, 43–4, y casos citados. Aquí la Junta rechazó la contención de los peticionarios de que bajo el art. 6 las centrales deben suministrar servicio de grúa gratis en las fincas de los colonos y en los sitios adyacentes a éstas como ". . . completamente irrazonable, ya que se impondrían obligaciones excesivamente onerosas a los querellados." Si bien en análisis final debemos ejercitar nuestro criterio independiente sobre cuestiones de derecho que surgen bajo la Ley núm. 426, las conclusiones de la Junta Azucarera ". . . como una agencia especializada, tratando a diario exclusivamente con estos problemas . . . merecen gran consideración y respeto." *Junta Rel. Trabajo* v. *Junta del Muelle*, 71 D.P.R. 154, 158; véanse *Ledesma, Admor.* v. *Tribl. de Distrito*, 73 D.P.R. 396, 401–2; *Rivera* v. *Benítez, Rector*, 73 D.P.R. 377, 395, escolio 6; *Hilton Hotels* v. *Junta Salario Mínimo*, 74 D.P.R. 670, 687; *Social Security Board* v. *Nierotko*, 327 U. S. 358, 368–9; *United States* v. *Amer. Trucking Ass'ns.*, 310 U. S. 534, 549;

XXIII Rev. Jur. U.P.R. 350. Bajo las circunstancias de este caso, no encontramos base para rechazar la conclusión de la Junta de que como cuestión de derecho el art. 6(a) no exige a las centrales que suministren servicio de grúa gratis a los colonos cuyas cañas ellas reciben en las fincas de éstos o en sitios adyacentes a las mismas.

*La orden de la Junta Azucarera será confirmada imponiéndose las costas y gastos a los peticionarios a tenor con el art. 33 de la Ley núm. 426.*

Los Jueces Asociados Sres. Ortiz y Sifre no intervinieron.