## South Porto Rico Sugar Company, peticionaria v. Junta Azucarera de Puerto Rico, recurrida.

*Número:* 28.  *Resuelto:* 7 de septiembre de 1961.

*James R. Beverley, R. Castro Fernández y Francisco Castro Amy,* abogados de la peticionaria; *Alejandro Romanace,* abogado de la recurrida.

Sala integrada por el Juez Asociado señor Pérez Pimentel, como Presidente de Sala, y los Jueces Asociados señores Serrano Geyls y Rigau.

PER CURIAM: Se trata de otro recurso relacionado con los gastos de embarque y mercadeo en la industria azucarera, Arts. 7 y 8 de la Ley Azucarera, 5 L.P.R.A. secs. 376 y 377. En *Central Monserrate, Inc.* v. *Junta Azucarera de Puerto*

*Rico*, 83 D.P.R. 109 (1961) discutimos extensamente los principios y reglas que gobiernan esta situación. Muy poco tenemos que añadir a lo allí expresado.

La peticionaria impugna la resolución de la Junta por la cual se rechazan las partidas de gastos de almacenaje y contribuciones sobre azúcares en existencia después del 31 de diciembre de 1953, y se rebaja la de gastos de comisiones por corretaje a una suma no mayor de ¼ del 1% de las ventas.

■ *Gastos de almacenaje.* Entendemos que los argumentos utilizados en el citado caso de *Central Monserrate* relativos al almacenaje de azúcar son enteramente aplicables al caso de autos y que las razones legales y las prácticas de la industria allí explicadas sostienen la determinación de la Junta sobre el almacenaje posterior al 31 de diciembre.

■ *Contribuciones sobre la propiedad.* La Ley núm. 123 de 1 de julio de 1953, retroactiva a 1 de enero de 1952 (Leyes, pág. 485, 5 L.P.R.A. sec. 409) dispone que:

"No obstante lo dispuesto en contrario por cualquiera otra ley, los azúcares producidos en Puerto Rico en exceso de las cuotas anuales de mercadeo que correspondan a productores y cosecheros, según fuere el caso, conforme se fijaren por el Secretario de Agricultura de los Estados Unidos en el ejercicio de la autoridad conferídale por la Ley núm. 388 del octogésimo Congreso de los Estados Unidos de América, denominada Ley Azucarera de 1948, según haya sido subsiguientemente enmendada, estarán exentos del pago de contribuciones sobre la propiedad."

Es evidente a la luz de esta ley y de la política pública explicada en su exposición de motivos, que la Junta no puede permitir que la central le cobre a los colonos como "gastos de embarque y mercadeo" (aún en la hipótesis de que pudiera así considerarse) cantidad alguna por concepto de una contribución de la cual están exentos los colonos. La central deberá buscar los remedios en los procedimientos contributivos.

■ *Reducción en la partida de gastos de corretaje.* La peticionaria reclamó por este gasto una comisión de ⅜ del 1% y la Junta, luego de recibir extensa prueba sobre el asunto, le concedió ¼ del 1%. Hemos examinado esa prueba y ella sostiene la actuación administrativa. Nos parecen enteramente razonables las normas establecidas por la Junta. Son las siguientes:

"Si como en este caso la Central negocia la venta del azúcar sin darle participación al colono en esa negociación debe ejercitar sumo cuidado de que los gastos a incurrirse sean razonables y usuales dentro del concepto del término embarque y mercadeo y no pretender descontar de las participaciones en el azúcar a que tiene derecho el colono gastos por operaciones de financiamiento u otros servicios que no son servicios propiamente dichos de embarque y mercadeo. De permitir esta Junta gastos irrazonables incurridos por la Central en el embarque y ventas de sus azúcares estaría de hecho mermando la participación mínima en el azúcar producido a que tiene derecho el colono y violando así el verdadero significado y propósito que informa la ley azucarera insular vigente.

"    .    .    .    .    .    .    .    .

"Cobrarle por lo tanto una comisión a la central en esta clase de negocio deja de ser un cargo que pueda clasificarse como una comisión por corretaje en la venta de azúcar de la central y se convierte en un negocio de especulación.

"    .    .    .    .    .    .    .    .

"    .    .    .    La Central debe por lo tanto buscar en el mercado en igualdad de condiciones el servicio de corretaje por el cual se pague el tipo de comisión que sea más razonable. Si escoge un servicio más caro que el prevaleciente, el costo adicional no debe ser cargado al colono y si paga un tipo de comisión más alto porque recibe otra clase de servicios que no son mercadeo no es justo que al colono se le cargue por ese servicio siguiendo el razonamiento que las participaciones mínimas del colono en los azúcares producidos están establecidas por ley y no deben ser mermadas permitiéndole a las centrales descontarle gastos irrazonables por los servicios que la central le da al colono por ley."

■ Las anteriores normas deben merecernos "gran consideración y respeto." *Colonos de Caña de Santa Juana, Inc.* v. *Junta Azucarera*, 77 D.P.R. 392 (1954). *South P.R. Sugar Co.* v. *Junta Azucarera*, 82 D.P.R. 847 (1961).

El expediente comprueba que la central pagaba, como "gastos de corretaje", por servicios que no eran de "embarque y mercadeo", principalmente entre ellos, por adelantos de dinero que recibía de sus agentes.

Por los motivos anteriormente consignados, se *confirmará la resolución dictada en el caso de epígrafe por la Junta Azucarera de Puerto Rico en 23 de enero de 1957, con costas y gastos a la peticionaria, de conformidad con el Art. 33 (5 L.P.R.A. sec. 402) de la Ley Azucarera.*