Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL IX**

| | | |
|---|---|---|
| Carlos López Hernández<br><br>Querellante-Recurrente<br><br>vs.<br><br>Portalatín Solar Energy Services, LLc h/n/c Portalatín Solar Energy<br><br>Querellada<br><br>Departamento de Asuntos del Consumidor<br><br>Recurrida | KLRA202300129 | **REVISIÓN ADMINISTRATIVA** procedente del Departamento de Asuntos del Consumidor<br><br>Querella Núm.: MAY-2022-0003034<br><br>Sobre: Contrato de Obras y Servicios |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Ronda del Toro y la Jueza Díaz Rivera.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de marzo de 2023.

Comparece ante nos el señor Carlos López Hernández (Sr. López Hernández), quien presenta un recurso de revisión administrativa en el que solicita la modificación de una Resolución emitida y notificada el 27 de enero de 2023, por el Departamento de Asuntos del Consumidor (en adelante, "DACo"). En lo concerniente, en la misma se desestimó la querella y se ordenó el cierre y archivo de ésta porque el Sr. López Hernández no presentó prueba para demostrar que el sistema de paneles solares, instalados por Portalatín Solar Energy Services, LLC hnc Portalatín Solar Energy (contratista), no alcanza los 7.8 KW pactados. Por lo que DACo determinó que, el recurrente no demostró el incumplimiento contractual del contratista.

Número Identificador

SEN2023 _____

En lo que respecta a este honorable foro, cabe destacar que la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones de Puerto Rico dispone que, "[e]l Tribunal de Apelaciones tendrá la facultad para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho, y proveer el más amplio acceso al tribunal, de forma que no se impida impartir justicia apelativa a los ciudadanos".[1]  A la luz de lo antes expuesto, luego de evaluar el escrito de la parte recurrente, así como la evidencia documental anejada al mismo, prescindimos de la comparecencia de la parte recurrida y procedemos a resolver, a los fines de confirmar la Resolución de DACo.

**-I-**

Según surge del expediente de la "Resolución de Revisión Administrativa", el 29 de junio de 2022, el Sr. López Hernández, presentó una querella en contra de Portalatín Solar (Energy Services, LLC hnc. Portalatín Solar Energy (contratista) y la Cooperativa de Ahorro y Crédito de Moca (cooperativa).[2]  Previo a este suceso, el pacto entre las partes tuvo su génesis en la promoción del contratista.  Motivado por ésta, el recurrente se comunicó con el contratista para la instalación de un sistema solar con medición neta.[3]  La oferta hacía referencia a lo siguiente:

> *Oferta $25,400*
> *Sistema de 67 KW*
> *Batería Enphase de 13.44 Kw y un enpower*
> *14 paneles solares 480 WQ Cell*
> *14 Micro Inversores IQ7A y un Envoy Combiner*
> *Medición neta*
> *No te quedes sin luz!*
> *Instalación inmediata y Financiamiento comenzando en 3.69%*

---

[1] Véase el Reglamento del Tribunal de Apelaciones (In Re Reglamento del Tribunal de Apelaciones, Resolución Er-2004-10, Aprobada el 21 de julio de 2004, según enmendado), p. 18.
[2] Véase el Anejo 1 del recurso de revisión judicial, determinación de hecho #1, pág. 1.
[3] Véase el Anejo 1 del recurso de revisión judicial, determinación de hecho #2, pág. 1.

*Oferta válida hasta el 15 Mayo 2022 (Véase éxhibit I parte querellante)[4]*

Luego de varias conversaciones entre las partes se pactó que se instalaría lo siguiente:

*16 paneles solares 490 watts monocristalino Silab $4,800.00*
*1 estructura para 16 paneles solares $672.00*
*16 microinversores IQ7A $2,560.00*
*1 batería enphase 13.44KW $13,000.00*
*1 enpower $1,200.00*
*1 envoy combiner $550.00*
*1 wire way $95.00*
*1 breaker 100 amp $42.00*
*1 breaker 30 amp $12.50*
*1 medición neta $1,100.00*
*1 instalación $2,706.00*
*1 nionitoreo -APP FREE*
          *$26,750.00*
*Cliente aportará $10,000.00*
*A Financiar $16,750.00... (Véase exhibit IV de parte querellante)[5]*

A petición del recurrente, se sustituyó el tipo de micro inversor por uno IQ8-H que es más potente, las partes pactaron $1,200.00 de costo adicional y el Sr. López Hernández pagó esa suma de dinero.[6] Además, exhibit IV antes mencionado se utilizó para el financiamiento con la Cooperativa, que se aprobó el 24 de mayo de 2022.[7]

Mediante el "Contrato de Ventas del Sistema Solar" se estableció que:

*La compañía instalará en la residencia del Cliente el siguiente equipo con los materiales requeridos, entre otros;*
*16 paneles solares 490 watts monocristalino Silfab*
*1 estructura para 16 paneles solares*
*16 micro inversores IQ8-H*
*1 batería Enphase 13.44 Kw*
*1 Enpower*
*1 Envoy Combiner*
*1 wire way*
*1 breaker 100 amp*
*1 breaker 30 amp*

---

[4] Véase el Anejo 1 del recurso de revisión judicial, determinación de hecho #3, pág. 1.
[5] Véase el Anejo 1 del recurso de revisión judicial, determinación de hecho #4, págs. 1-2.
[6] Véase el Anejo 1 del recurso de revisión judicial, determinación de hecho #5, pág. 2.
[7] Véase el Anejo 1 del recurso de revisión judicial, determinaciones de hechos #6 y #7, pág. 2

*1 breaker 20 amp*
*1 breaker Eaton 100 amp*
*1 rapid shutdown*
*1 medición neta*
*1 instalación*
*1 monitoreo - App (Véase exhibit III parte querellante)*[8]

Dicho contrato fue firmado e inicializado por el recurrente y el contratista.[9] La instalación del equipo se realizó el 16 de junio de 2022.[10] Mientras, la implementación del sistema de medición neta requirió la intervención del ingeniero Padró como subcontratista.[11] A la luz de los hechos y la evidencia, DACo determinó que no hay controversia alguna sobre la implementación del sistema de medición neta.[12]

También, DACo estipuló que, para el pago total al contratista, el Sr. López Hernández tiene que pasar a la cooperativa para dar la aprobación.[13] Aunque el contratista recibió un primer cheque por la suma de $8,375.00, el recurrente no ha autorizado mediante su firma el pago restante de $8,375.00.[14]

El Sr. López Hernández alega que el sistema alcanza 6.00 KW, y no los 7.8 KW pactados.[15] Sin embargo, del testimonio del contratista, y perito electricista, se entendió probado que el sistema en el histórico desde su instalación produce 7.09 "megawatts", y el consumo promedio del querellante es de 4.50 "megawatts".[16] Lo cual acarrea créditos mensuales en la tarifa eléctrica a favor del recurrente, y todos los años al 30 de junio, de

---

[8] Véase el Anejo 1 del recurso de revisión judicial, determinación de hecho #8, pág. 2.
[9] Véase el Anejo 1 del recurso de revisión judicial, determinación de hecho #9, pág. 2.
[10] Véase el Anejo 1 del recurso de revisión judicial, determinación de hecho #10, pág. 2.
[11] Véase el Anejo 1 del recurso de revisión judicial, determinación de hecho #11, pág. 2.
[12] Véase el Anejo 1 del recurso de revisión judicial, determinación de hecho #12, pág. 2.
[13] Véase el Anejo 1 del recurso de revisión judicial, determinación de hecho #13, pág. 2.
[14] Véase el Anejo 1 del recurso de revisión judicial, determinación de hecho #14, pág. 2.
[15] Véase el Anejo 1 del recurso de revisión judicial, determinación de hecho #15, pág. 2.
[16] Véase el Anejo 1 del recurso de revisión judicial, determinación de hecho #16, pág. 2.

no utilizarse el crédito se redime en dinero. (Véase exhibit VI del "contratista").[17] Finalmente, contrario al contratista, el Sr. López Hernández no aportó prueba técnica para evidenciar que el sistema no alcanza los 7.8KW.[18]

DACo fundamentó su decisión en las disposiciones, en cuanto a las obligaciones, contenidas en el Código Civil de 2020. Los Artículos citados, en parte, fueron los siguientes:

> *La obligación es el vínculo jurídico de carácter patrimonial en virtud de la cual el deudor tiene el deber de ejecutar una prestación que consiste en dar, hacer o no hacer algo en provecho del acreedor, quien, a su vez, tiene un derecho, de crédito para exigir el cumplimiento. Art. 1207 del Código Civil de 2020, 31 LPRA sec. 8981.*

> *La culpa o negligencia del deudor consiste en la omisión de aquella diligencia que exige la naturaleza de la obligación y corresponde a las circunstancias de las personas, del tiempo y del lugar. Cuando la obligación no expresa la diligencia que debe prestarse en su cumplimiento, se exige la que corresponde a una persona prudente y razonable. La responsabilidad que procede de la negligencia es exigible en el cumplimiento de toda clase de obligaciones, pero los tribunales, según los casos, pueden moderarla. Art. 1163 del Código Civil de 2020, 31 LPRA sec. 9315.*

> *La persona que por culpa o negligencia causa daño a otra, viene obligada a repararlo. Art. 1536 del Código Civil de 2020, 31 LPRA sec. 10801.*

> *En los contratos con prestaciones recíprocas se encuentra implícita la facultad de resolver extrajudicialmente el contrato por falta de cumplimiento de una obligación principal... Art. 1255 del Código Civil de 2020, 31 LPRA sec. 9823.*

Inconforme con la determinación, el 8 de febrero de 2023, el Sr. López Hernández sometió una "Moción de Reconsideración".[19] La agencia declaró no ha lugar la reconsideración presentada.[20] Esta orden del DACo fue emitida el 16 de febrero de 2023.[21] La parte recurrente fue notificada del término de 30 días para comparecer ante el Tribunal de Apelaciones en Revisión Judicial.[22]

---

[17] *Íd,* págs. 2-3.
[18] Véase el Anejo 1 del recurso de revisión judicial, determinación de hecho #20, pág. 3.
[19] Véase el Anejo 2 del recurso de revisión judicial, pág. 6.
[20] Véase el Anejo 2 del recurso de revisión judicial, pág. 7.
[21] *Íd.*
[22] *Íd.*

**II.**

**A.**

El Código Civil de Puerto Rico define el contrato como "el negocio jurídico bilateral por el cual dos o más partes expresan su consentimiento en la forma prevista por la ley, para crear, regular, modificar o extinguir obligaciones". Art. 1230 del Código Civil, 31 LPRA sec. 9751. Adicionalmente, establece que "[e]l contrato queda perfeccionado desde que las partes manifiestan su consentimiento sobre el objeto y la causa, salvo en los casos en que se requiere el cumplimiento de una formalidad solemne o cuando se pacta una condición suspensiva". Art. 1237 del Código Civil, 31 LPRA sec. 9771. Una vez las partes prestan su consentimiento, éstos quedarán obligados al cumplimiento de la obligación pactada, ya que "[l]o acordado en los contratos tiene fuerza de ley entre las partes, ante sus sucesores y ante terceros en la forma que dispone la ley". Art. 1233 del Código Civil, 31 LPRA sec. 9754. Esa obligación que posee una parte para cumplir con lo pactado "se fundamenta en el principio de la buena fe, el cual exige no defraudar la confianza que otro ha puesto en una promesa o conducta". *BPPR v. Sunc. Talavera,* 174 DPR 686, 693 (2008). Así, para que un contrato se considere válido, se requiere que concurran tres elementos esenciales, a saber: (1) consentimiento de los contratantes, (2) objeto cierto del contrato y (3) la causa de la obligación que se establezca. *Aponte Valentín v. Pfizer Pharmaceuticals, LLC,* 208 DPR 263, 284 (2021). La falta de alguno de ellos será causa de nulidad del contrato y, por tanto, inexistente en el orden jurídico. *Rosario Rosado v. Pagán Santiago,* 196 DPR 180, 188 (2016).

En Puerto Rico rige el principio de libertad de contratación. Por tanto, una persona puede "contratar o no hacerlo, y hacerlo, o no, con determinada persona". Art. 1232 del Código Civil, 31 LPRA

sec. 9753. Asimismo, las partes pueden acordar cualquier tipo de cláusula, siempre y cuando ésta "no sea contraria a la ley, a la moral o al orden público". *Íd.* No obstante lo anterior, el contrato, además de expresar y reflejar la voluntad y libertad de la persona, constituye un instrumento "de justicia y de interés social". *Payano v. Cruz*, 2022 TSPR 78.

**B.**

Este Tribunal reitera la normativa de que las conclusiones e interpretaciones de los organismos y agencias administrativas especializadas merecen gran consideración y respeto de los tribunales. *M & V Orthodontics v. Negdo. Seg. Empleo*, 115 DPR 183, 188 (1984). La revisión judicial debe limitarse a determinar si actuaron arbitrariamente, ilegal o en forma tan irrazonable que la actuación constituya un abuso de discreción. *Franco v. Depto. de Educación,* 148 DPR 703.

Sobre este particular, en *South PR Sugar Co. v. Junta*, 82 DPR 847 (1961), el Tribunal Supremo expresó:

> *Es norma reiterada de este Tribunal la de merecerle 'gran consideración y respeto' a las conclusiones e interpretaciones de los organismos administrativos especializados. Colonos de Santa Juana v. Junta Azucarera, 77 DPR 392, 396 (1954) y sentencias allí citadas. Cobra más énfasis esa actitud cuando revisamos los fallos de ciertos organismos que tienen a su cargo la reglamentación de procesos técnicos, sociales o económicos. Pero la citada norma no es por sí sola suficiente para enmarcar las relaciones que deben existir entre administradores y jueces en la difícil y a ratos angustiosa tarea de la revisión judicial.*

**III.**

Evaluada la totalidad de la prueba presentada, concluimos que la determinación del Departamento de Asuntos del Consumidor fue correcta. La parte recurrente no aportó evidencia suficiente para derrotar la presunción de corrección, que caracteriza la decisión del foro administrativo. Es importante enfatizar que, al desempeñar nuestra función revisora, estamos

obligados a considerar la especialización, experiencia y las cuestiones propias de la discreción o pericia de las agencias administrativa. En vista de lo anterior, consideramos que la agencia recurrida no actuó de manera arbitraria, ilegal, irrazonable, o fuera del marco de los poderes que se le delegaron. La totalidad de la evidencia que obra en el récord nos obliga a confirmar el dictamen recurrido.

**IV.**

Por los fundamentos antes expuestos, los cuales hacemos formar parte de esta Sentencia, confirmamos la "Resolución" del Departamento de Asuntos del Consumidor.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones