OVIDIO DÁVILA DÁVILA, recurrente, *v.* ESTADO LIBRE ASOCIADO DE PUERTO RICO, recurrido.

*Número:* RE-89-421      *Resuelto:* 15 de mayo de 1991

*Graciany Miranda Marchand*, abogado del recurrente; *Jorge E. Pérez Díaz, Procurador General*, y *Eunice Amaro Garay*, abogados del recurrido.

## SENTENCIA

Evaluados los planteamientos de las partes y en consideración a que toda revisión se da contra el dictamen y no sus fundamentos, se dicta sentencia y se confirma la del Tribunal Superior, Sala de San Juan, de fecha 11 de abril de 1989.

Esta sentencia no prejuzga cualquier intento posterior del Sr. Ovidio Dávila Dávila para obtener —conforme los trámites de ley— la autorización para portar armas.

Lo pronunció, manda el Tribunal y certifica el señor Secretario General. El Juez Asociado Señor Negrón García emitió opinión concurrente, a la cual se unieron el Juez Presidente Señor Pons Núñez y el Juez Asociado Señor Andréu García. El Juez Asociado Señor Rebollo López emitió opinión disidente.

*(Fdo.)* Francisco R. Agrait Lladó
*Secretario General*

## —O—

Opinión concurrente del Juez Asociado Señor Negrón García, a la cual se unen el Juez Presidente Señor Pons Núñez y el Juez Asociado Señor Andréu García.

### I

Por muchos años Ovidio Dávila Dávila se ha desempeñado como arqueólogo del Departamento de Recursos Naturales. Debido a los peligros inherentes a su trabajo, desde 1981 hasta 1987 tramitó por su cuenta y obtuvo directamente del Tribunal Superior una licencia para portar un arma de fuego.

El 27 de diciembre de 1988 *ex parte* solicitó nuevamente esa autorización del Tribunal Superior, Sala de San Juan.[1] Dicho foro señaló la vista para el 27 de enero de 1989. Subsiguientemente, para avalar su pedido, el 12 de enero de 1989 Dávila Dávila le comunicó al Secretario de Recursos Naturales, Hon. José E. Laborde, lo siguiente:

Recientemente inicié los procedimientos para renovar, a través del Tribunal Superior, mi licencia para portar armas. A estos efectos, don Justo A. Méndez, anterior Secretario del Departamento de Recursos Naturales, me extendió una certificación de labores (Anejo III). *No obstante, mi abogado me ha informado que, a tenor con las disposiciones de la Ley 15 del 15 de abril de 1988, que introduce unas enmiendas a la Ley de Armas de 1951, todo empleado público que por la naturaleza de su trabajo amerite la concesión de una licencia para portar armas, deberá tramitar la misma a través del Jefe de la dependencia gubernamental para la cual labore.*

Por las razones antes expuestas, solicito, muy respetuosamente, *su autorización* para que el Departamento de Recursos Naturales tramite, *a través del funcionario enlace con la Superintendencia de la Policía de Puerto Rico, una licencia para portar,* durante el ejercicio de mis funciones como arqueólogo de este Departamento, el arma de fuego . . . . (Énfasis suplido.) Apéndice, pág. 28.

El 25 de enero el Secretario de Recursos Naturales señor Laborde se negó a autorizar el trámite administrativo ante la Policía. Se expresó así:

Recibí su comunicación del 12 de enero de 1989, donde solicita nuestra autorización para tramitar con la Policía de Puerto Rico [sic] se le conceda una licencia de portar armas durante sus gestiones oficiales como arqueólogo de nuestro Departamento. *Entiendo la justificación que usted me ofrece para respaldar su petición, la cual en mi carácter personal comparto.*

---

[1] Acompañó una certificación negativa de antecedentes penales, copia de su Licencia para Tener y Poseer un Arma de Fuego, una certificación del Ing. Justo A. Méndez, anterior Secretario de Recursos Naturales, fechada 13 de octubre de 1988 —expositiva de las funciones que Dávila Dávila realizaba— y una copia certificada de la última resolución que le concedió el 14 de mayo de 1986 la licencia de portación de armas.

Sin embargo, *es política de nuestro Departamento no endosar este tipo de solicitud*. Nuestra agencia tiene muchos empleados en condiciones de trabajo similares a la suya, los cuales podrían reclamar igual privilegio, obligándonos a autorizarlos. *La concesión de estas autorizaciones podría interpretarse por algunos como una forma de ampliar la tenencia y portación de armas en nuestra isla.*

Lamento no poder complacerle en esta ocasión. (Énfasis suplido.) Apéndice, pág. 30.

No obstante esa negativa, Dávila Dávila compareció a la vista previamente señalada por el tribunal. La justificación para insistir en la licencia quedó configurada a la luz de la estipulación de hechos siguiente:

El peticionario es mayor de edad, casado y vecino de Río Piedras, Puerto Rico. Es empleado del Departamento de Recursos Humanos [sic] del Estado Libre Asociado y se desempeña como Arqueólogo. *Su horario de trabajo es uno irregular*, lo que conlleva la realización de tareas en áreas rurales *en toda la Isla de Puerto Rico y pernoctar regularmente en lugares distantes y despoblados, tales como cuevas y montañas*. Como parte de sus funciones realiza trabajos de investigación arqueológica y *tiene bajo su custodia equipo y materiales valiosos; acostumbra llevar consigo dinero en efectivo para adquirir piezas arqueológicas, para el pago de ayudantes y para compensar por información relacionada con sus investigaciones. Que estos hechos son de conocimiento público y teme ser asaltado, despojado del equipo que lleva consigo y recibir grave daño corporal.* Tiene conocimiento sobre el *uso y manejo de armas* de fuego y posee Licencia Núm. 170750 para tener y poseer arma de fuego otorgada por el Superintendente de la Policía de Puerto Rico. (Énfasis suplido.) Apéndice, pág. 4.

El Ministerio Fiscal se opuso. Adujo que el tribunal carecía de facultad para conceder dicha autorización, la cual —según el Art. 20(b)(5) de la Ley Núm. 15 de 15 de abril de 1988 (25 L.P.R.A. sec. 430(b)5) y el Art. IX(D) del Reglamento de la Policía Núm. 3637— recaía en el Superintendente de la Policía.

Oportunamente, el tribunal acogió esa posición y denegó la portación. En su dictamen, *indirectamente* rubricó la política del Secretario del Departamento de Recursos Naturales de no endosar solicitudes de licencia para portar armas a sus empleados. Se

reiteró en reconsideración, e incidentalmente consignó que correspondía al Superintendente de la Policía determinar si un empleado público era acreedor al privilegio de portar un arma.

A solicitud de Dávila Dávila revisamos.[2]

## II

Desde su origen, la *Ley de Armas de Puerto Rico*, Ley Núm. 17 de 19 de enero de 1951 (25 L.P.R.A. sec. 411 *et seq.*), delimitó claramente las personas que podían poseer y portar un arma de fuego. Además, reconoció dos (2) trámites para la concesión de una licencia de portación, a saber, uno administrativo y el otro judicial. Su Art. 20(a) estableció quiénes, *de jure*, podían poseerla y portarla, y en su inciso (b)(2) se facultó al Superintendente de la Policía, discrecional y administrativamente, a concederlas a varios "funcionarios públicos". 25 L.P.R.A. sec. 430(a) y (b)(2). La otra forma —judicial— quedó establecida en el Art. 21 de la Ley Núm. 17, *supra*, 25 L.P.R.A. sec. 431. Su texto —que no ha variado— en parte dispone:

> En adición a las licencias a que se refiere la sección precedente, podrá concederse licencia [para] portar, transportar y conducir una pistola o revólver por el Tribunal Superior de Puerto Rico en su sala correspondiente al domicilio del solicitante previa audiencia del fiscal, si se probare, a juicio del tribunal, peligro de muerte o de grave daño personal para el peticionario y las circunstancias del caso demostradas mediante declaraciones juradas del solicitante y de testigos, justificaren la necesidad de la licencia. 25 L.P.R.A. sec. 431.

Al amparo de esta legislación, Dávila Dávila no cualificaba bajo el concepto de "funcionario público". Por ende en el pasado, para obtener la licencia, tuvo que acudir al tribunal y demostrar, con declaraciones juradas, estar expuesto a un peligro de muerte real o a un grave daño personal. Para ese trámite, Dávila Dávila

---

[2] En su solicitud cuestionó la determinación del tribunal de instancia de que carecía de facultad para conceder la portación de arma solicitada; que sólo el Superintendente tenía esa facultad en cuanto a funcionarios y empleados públicos, y que debió agotar los remedios administrativos.

acompañó una certificación de las labores que realizaba y los riesgos que conllevaba. En consecuencia, la licencia le fue concedida exclusivamente a base de la evaluación del tribunal de esas circunstancias particulares.

La Ley Núm. 15, *supra*, amplió la autoridad del Superintendente de la Policía para incluir los *"empleados* del Gobierno del Estado Libre Asociado de Puerto Rico, *siempre que la solicitud sea autorizada y justificada por el jefe de la dependencia para la cual trabaja"*. (Énfasis suplido.) 25 L.P.R.A. sec. 430(b)(5). Evidentemente, el propósito legislativo fue *expandir* la facultad del Superintendente de la Policía y así avalar la práctica "tradicional [existente de expedir] licencia para portar armas a algunos empleados públicos bajo el entendido que podían catalogarse como funcionarios públicos". 1988 Leyes de Puerto Rico 75. La Exposición de Motivos recogió así esa visión:

> . . . [J]urídicamente el término funcionario público se ha interpretado restrictivamente como aquellas personas que ocupan cargos o empleos en el Gobierno del Estado Libre Asociado de Puerto Rico que están investidos de parte de la soberanía del Estado.
>
> Esta interpretación restrictiva excluye a los empleados públicos a *quienes por razón de las funciones de su cargo se le han expedido licencias para portar armas de fuego,* a quienes se les tendrá que cancelar dichas licencias y además no se extenderían más licencias a empleados públicos que estén en condición similar. En estos grupos se encuentran empleados de las ramas ejecutivas y judicial de alta responsabilidad así como ayudantes legislativos.
>
> La flexibilidad de la ley para *incluir a los empleados públicos* . . . es conveniente al interés público. *A esos propósitos se dirige esta pieza legislativa.* (Énfasis suplido.) 1988 Leyes de Puerto Rico 74–75.

Del historial(3) y texto de la Ley Núm. 15, *supra*, apreciamos también que el legislador guardó silencio en lo referente al trámite ulterior para revisar judicialmente la negativa a autorizar

---

(3) Informes de 28 de abril y 11 de mayo de 1987 rendidos por la *Comisión de Gobierno* en torno al P. de la C. 1045; Informe de 9 de marzo de 1989 de las *Comisiones de Gobierno y de lo Jurídico.*

la licencia por el jefe de la dependencia, o posteriormente por el Superintendente de la Policía.

No podemos interpretar esa afonía como significativa de que la discreción del jefe de la agencia o del Superintendente de la Policía es absoluta. La revisión judicial estaría disponible para examinar si medió o no un abuso de discreción impermisible. Ese derecho forma parte del acceso constitucional a los tribunales, incluso en situaciones en que las leyes guardan silencio al respecto. *López v. Muñoz, Gobernador*, 80 D.P.R. 4, 8 (1957); *Rivera v. Benítez, Rector*, 73 D.P.R. 377, 381–382 (1952). Véase, además, *Bonilla v. Chardón*, 118 D.P.R. 599, 609 (1987).

Con esta perspectiva en mente, examinemos los planteamientos de las partes.

## III

El recurrente Dávila Dávila argumenta que era y es acreedor a que el tribunal de instancia evaluara *directamente* su solicitud al amparo del transcrito Art. 21 de la Ley Núm. 17, *supra.*

No tiene razón. Este precepto es inaplicable. Adviértase que su petición se fundó en las circunstancias *resultantes* de su empleo gubernamental. En otras palabras, los riesgos que justificarían la expedición de la licencia emanan de la naturaleza de sus funciones oficiales, no personales. Esa es precisamente la situación típica que la Ley Núm. 15, *supra*, visualiza. Y, según hemos visto, aquí el Secretario de Recursos Naturales se negó a endosar su solicitud conforme a esa ley.

Al arribar a esta conclusión, no pasamos por alto que la evidencia estipulada por el Ministerio Público de su faz acredita que Dávila Dávila, en el descargo de sus funciones oficiales, está expuesto a unos riesgos peculiares que de ordinario justificarían la expedición de la licencia para portar armas. En este aspecto la razonabilidad de la actuación y decisión del Secretario de Recursos Naturales *está en entredicho* y sería determinante a los fines de canalizar su pedido.

Ahora bien, el trámite procesal escogido por Dávila Dávila no fue correcto. Una vez conocida la negativa del Secretario —sin la

cual, lógicamente, el Superintendente de la Policía no podía otorgar la licencia— debió revisar judicialmente la misma.

Distinto a la revisión autorizada por el Art. 19 de la Ley de Armas de Puerto Rico, 25 L.P.R.A. sec. 429 —cuando el Superintendente de la Policía deniega una solicitud—[4] la revisión de la determinación del Secretario de Recursos Naturales no es mediante juicio *de novo*. La razón es sencilla: la revisión judicial de decisiones u órdenes administrativas no toman la forma de un juicio *de novo* a menos que exista una disposición que así lo autorice. *Ledesma Admor. v. Tribl. de Distrito*, 73 D.P.R. 396 (1952); *Rivera v. Benítez, Rector*, supra. Por ende, era requisito jurisdiccional que Dávila Dávila agotara los remedios administrativos antes de acudir al foro judicial.

No lo hizo. En estas circunstancias, aun bajo un enfoque de liberalidad inspirado en economía procesal, no podemos ahora convertir su solicitud *ex parte* en una revisión judicial de juicio *de novo* contra la negativa administrativa del Secretario de Recursos Naturales. Este funcionario era y es parte indispensable. No figuró así en la solicitud de portación. Nos resulta, pues, imposible realizar semejante metamorfosis procesal. El debido proceso de ley, en su expresión mínima, así lo exigía.[5]

Por los fundamentos expuestos, estamos conformes con la sentencia confirmatoria.[6]

—O—

Opinión disidente emitida por el Juez Asociado Señor Rebollo López.

El presente recurso brinda a este Tribunal la oportunidad de expresarse *no sólo respecto al significado jurídico correcto* de algunos de los cambios o enmiendas que introdujo *la Ley Núm. 15*

---

[4] Véase *Muñoz, Torres v. Superintendente Policía*, 125 D.P.R. 603 (1990).

[5] Obsérvese que, de haberse culminado el trámite y haber mediado una negativa del Superintendente de la Policía, éste sería parte en el proceso.

[6] Lo expuesto hace innecesario considerar los otros planteamientos de Dávila Dávila. Aclaramos que esta posición no prejuzga cualquier intento posterior para obtener la autorización para portar armas.

*de 15 de abril de 1988* (25 L.P.R.A. sec. 430 *et seq.*) en relación con la obtención, por razón de las funciones que desempeñan, de una licencia para portar legalmente un arma de fuego por los ciudadanos que laboran *como empleados* del Estado Libre Asociado de Puerto Rico, *sino que sobre las consecuencias jurídicas* de las referidas enmiendas; *legislación que específicamente enmendó el Art. 20 de la Ley de Armas de Puerto Rico,*[1] 25 L.P.R.A. sec. 430.

## I

En lo *pertinente* al caso ante nuestra consideración, y *con anterioridad a la vigencia* de la citada Ley Núm. 15 de 1988, el *apartado (2) del inciso (b)* del referido *Art. 20* de la Ley de Armas de Puerto Rico *disponía*:

(b) Podrán tener, poseer, *portar*, transportar y conducir un revólver o pistola legalmente:

. . . . . .

·2. Los miembros de la Asamblea Legislativa y *cualquier funcionario* del Gobierno del Estado Libre Asociado de Puerto Rico *cuando a juicio del Superintendente de la Policía* de Puerto Rico, *por razones de las funciones del cargo de aquél,* deba expedírsele una licencia para portar un arma y dicha licencia le sea expedida por el Superintendente de la Policía de Puerto Rico. (Énfasis suplido.) 25 L.P.R.A. sec. 430(b)(2).

En la Exposición de Motivos de la Ley Núm. 15 de 1988, la cual, repetimos, *enmendó* la antes transcrita disposición legal, la Asamblea Legislativa expresó que:

La Ley Núm. 17 de 19 de enero de 1951, según enmendada, conocida como "Ley de Armas de Puerto Rico", en su Artículo 20, el apartado 2 del Inciso (b) dispone que entre las personas que pueden portar armas legalmente se encuentran: "[l]os miembros de la Asamblea Legislativa *y cualquier funcionario* del Gobierno del Estado Libre Asociado de Puerto Rico cuando a juicio del Superintendente de la Policía de Puerto Rico, por razones de las funciones [del cargo] de aquél, deba expedírsele una licencia para

---

[1] Ley Núm. 17 de 19 de enero de 1951.

portar un arma y dicha [licencia] le sea expedida por el Superintendente de la Policía de Puerto Rico."

El Superintendente de la Policía *observando una práctica que era tradicional* venía expidiendo licencia para portar armas *a algunos empleados públicos* bajo el entendido que podían catalogarse como funcionarios públicos. *Sin embargo, jurídicamente el término funcionario público se ha interpretado restrictivamente como aquellas personas que ocupan cargos o empleos en el Gobierno del Estado Libre Asociado de Puerto Rico que están investidos de parte de la soberanía del Estado.*

*Esta interpretación restrictiva excluye a los empleados públicos a quienes por razón de las funciones de su cargo se le han expedido licencias para portar armas de fuego, a quienes se les tendrá que cancelar dichas licencias y además no se extenderían más licencias a empleados públicos que estén en condición similar.* En estos grupos se encuentran empleados de las ramas ejecutiva y judicial de alta responsabilidad así como ayudantes legislativos.

*La flexibilidad de la ley para incluir a los empleados públicos,* y a su vez incluir a los ex gobernadores, ex jueces [etc.] . . . a la vez que *no menoscaba la discreción* del Superintendente de la Policía *es conveniente al interés público. A esos propósitos se dirige esta pieza legislativa.* (Énfasis suplido.) 1988 Leyes de Puerto Rico 74–75.

A esos, fines, la Asamblea Legislativa aprobó, y el Señor Gobernador endosó con su firma, la antes mencionada Ley Núm. 15 de 15 de abril de 1988. Conforme la enmienda efectuada, el referido *inciso (b)* del Art. 20 de la Ley de Armas de Puerto Rico *actualmente* dispone, *en lo pertinente al caso ante nuestra consideración,* que:

(b) *El Superintendente de la Policía deberá, por razón del cargo y las funciones que desempeñan, autorizar* a las siguientes personas a poseer, *portar,* transportar y conducir revólver o pistola legalmente:

. . . . . .

2. Los miembros de la Asamblea Legislativa y *cualquier funcionario* del Gobierno del Estado Libre Asociado de Puerto Rico.

. . . . . .

5. Los *empleados* del Gobierno del Estado Libre Asociado de Puerto Rico, *siempre que la solicitud sea autorizada y justificada*

*por el jefe de la dependencia para la cual trabaja.* (Énfasis suplido.) 25 L.P.R.A. sec. 430(b)(2) y (5).

Una simple lectura de lo antes transcrito es todo lo que se necesita para poder uno percatarse de que la Ley Núm. 15, ante, en lo *pertinente* al caso ante nuestra consideración, *enmendó sustancialmente* el referido inciso (b) del Art. 20 de la Ley de Armas de Puerto Rico. Con el propósito de evitar confusión de clase alguna, *dicha legislación claramente estableció dos categorías*: la de *funcionario* público y la de *empleado* público. A las mismas, sin embargo, *no les brindó igual tratamiento*.

Respecto a la categoría de *funcionario* público no hay duda de que, no obstante un cambio en la terminología utilizada, la situación *no* varió mucho. Bajo la *derogada versión* del Art. 20, éstos podían portar un arma de fuego "cuando *a juicio* del Superintendente de la Policía . . . [y] por razones de las funciones del cargo" que ocupaban, así lo ameritaran. 25 L.P.R.A. sec. 430(b)(2). Al amparo de las disposiciones del *vigente* Art. 20, el Superintendente de la Policía "deberá" autorizar a dichos funcionarios a portar un arma cuando así éstos lo soliciten; ello por razón del cargo y las funciones que dichos funcionarios desempeñan. Lo *más que se podría decir* es que respecto a la concesión de licencias de portar armas a *funcionarios* públicos —al igual que en el caso de los legisladores— la discreción del Superintendente de la Policía para denegar la referida licencia se ha visto reducida un tanto.

El *cambio sustancial, o dramático*, introducido por la Ley Núm. 15, ante, se da respecto a la *segunda* categoría establecida, la de *empleado* público; ello, sin embargo, *no sólo* en cuanto a la creación en sí de una categoría separada *sino que* en relación a los requisitos establecidos para la obtención por parte del *empleado* público de la licencia de portar armas. Conforme dispone el *vigente* Art. 20 de la Ley de Armas de Puerto Rico, ante, el Superintendente de la Policía deberá autorizar la portación de un arma por parte de un *empleado* público "siempre que la solicitud sea autorizada y justificada por el jefe de la dependencia para la cual trabaja". 25 L.P.R.A. sec. 430(b)(5). Como podemos notar, en

esta situación la expedición de la licencia *no* depende —contrario al caso del *funcionario* público— exclusivamente de la decisión que respecto a la misma tenga a bien emitir el Superintendente de la Policía. Se exige, *como requisito previo*, el *endoso del jefe de la agencia* para la cual trabaja el *empleado* público. La exigencia de dicho endoso no puede tener otro significado que no sea el de que la solicitud de portación de armas por parte del *empleado* público *tiene que necesariamente tener relación, o estar fundada, en las funciones o labores que desempeña dicho empleado en la agencia.*

Procede que se enfatice el hecho de que el Superintendente *siempre* conserva discreción para rechazar la solicitud de portación del *empleado* público, aun cuando la misma cuente con el endoso del jefe de la agencia para la cual aquél trabaja. No hay duda que pueden existir distintas, y variadas, razones por las cuales el Superintendente puede, independientemente del endoso del jefe de la agencia, así actuar. Ello no obstante, al así hacerlo deberá exponer las razones en que basa su denegatoria.

Por otro lado, no podemos descartar la posibilidad de la ocurrencia de la situación de que el jefe de la agencia para la cual labora el empleado público *deniegue* el endoso que le solicita éste por el fundamento de que entiende que las funciones que el mismo desempeña no ameritan que porte un arma de fuego. *¿Qué alternativas, qué curso de acción, tiene el empleado público que no está conforme con la decisión denegatoria emitida?* Obviamente *sería fútil* acudir ante el Superintendente de la Policía por cuanto éste, en *ausencia* del endoso que requiere el citado Art. 20, *está impedido por ley* de autorizar a dicho empleado a portar un arma de fuego. Tenemos, en adición, que el legislador al aprobar la citada Ley Núm. 15, enmendatoria del referido Art. 20 de la Ley de Armas de Puerto Rico, ante, en la forma antes expuesta, *no* previó dicha situación; *razón por la cual no estableció ninguna clase de remedio o "procedimiento de revisión" para la misma.*

Dicha *omisión legislativa*, naturalmente, *no* puede tener como consecuencia el "desamparo" del empleado público. Como es sabido, "[c]uando se trata de un estatuto que guarda silencio sobre la revisión judicial posterior, no debe interpretarse dicho silencio

en el sentido que niega 'el poder de las cortes. . . a conceder un remedio en el ejercicio de la jurisdicción original que . . . se le ha conferido".[2]

De manera, pues, que *la negativa de un jefe de agencia de endosar*, conforme lo requiere el vigente Art. 20 de la Ley de Armas de Puerto Rico, ante el Superintendente de la Policía la solicitud de portar armas de un *empleado* público *no es final y firme y, por el contrario, puede ser objeto de "revisión" ante los tribunales de justicia de nuestro País*. Ahora bien, procede que nos preguntemos: ¿*qué clase de "procedimiento de revisión" debe estar al alcance de ese empleado público en este asunto en particular*? Conforme nuestra jurisprudencia, el mismo debe de ser uno de revisión *administrativa*, esto es, el procedimiento a utilizarse no debe consistir de *un juicio de novo*. Ello, por razón de que el procedimiento de *juicio de novo* se utiliza "para revisar la actuación de una agencia administrativa *solamente* cuando el estatuto *expresamente* así lo provee". (Énfasis suplido.) *Rivera v. Benítez, Rector*, 73 D.P.R. 377, 382 (1952).

Establecido el hecho de que el *empleado* público puede acudir al foro judicial en revisión de la denegatoria de endoso del jefe de la agencia para la cual trabaja respecto a su solicitud de portar armas, basada la misma en las labores o funciones que éste desempeña en la dependencia gubernamental, inmediatamente nos enfrentamos a la *desagradable posibilidad* de que dicha situación desemboque en multiplicidad de recursos y trámites judiciales y en el transcurso de un prolongado período de tiempo sin que la controversia principal envuelta en la situación sea objeto de una decisión final y definitiva. Recuérdese que el endoso de la solicitud de portar armas por parte del jefe de agencia *no obliga* al Superintendente de la Policía a expedir la licencia.

Como expresáramos anteriormente, el Superintendente puede denegar dicha solicitud por fundamentos totalmente diferentes y distintos a las razones por las cuales el jefe de la agencia

---

[2] Expresiones del Señor Juez Belaval en opinión disidente emitida en *Sacarello v. Junta de Retiro*, 75 D.P.R. 267, 294 (1953), *citadas posteriormente con aprobación en Hernández Montero v. Cuevas, Director*, 88 D.P.R. 785, 801 (1963).

endosó la solicitud. De no tomarse providencia alguna de índole cautelar en el procedimiento de revisión que, contra la denegatoria de endoso del jefe de agencia, radique el empleado público ante el foro judicial, podría darse el caso que, luego que el tribunal decida que la determinación del jefe de la agencia debe ser revocada, el Superintendente administrativamente deniegue la solicitud de portar armas por otras razones, *lo que a su vez acarrearía la radicación de otro procedimiento de revisión judicial por parte del empleado público.*

Estas *consideraciones de índole práctica* nos inclinan a sostener que en el procedimiento de revisión administrativo que hoy el Tribunal autoriza al empleado público a radicar ante nuestros tribunales de instancia en revisión de la negativa de endoso del jefe de agencia de su solicitud para portar armas, *dicho tribunal debe mantener jurisdicción en el asunto* —si es que entiende que procede la revocación de la negativa del jefe de agencia— *hasta tanto el Superintendente de la Policía conceda, o deniegue, la solicitud de licencia de portar arma del empleado público.* De ser denegada la misma por el Superintendente, el foro judicial *estará en condiciones de resolver la controversia rápidamente sin la necesidad de la radicación de otro recurso judicial por parte de dicho empleado.* Este procedimiento logra *dos objetivos*: conserva el propósito legislativo, como expondremos a continuación, de centralizar en la persona del Superintendente de la Policía la decisión original de conceder, o no, licencias de portar armas a los empleados públicos, y le garantiza a éstos la solución rápida y menos onerosa de su reclamo.

Dicha "sugerencia" no debe alarmar a jurista alguno. La omisión al respecto por parte de la Asamblea Legislativa *nos obliga* a "reconocer y autorizar" un procedimiento de revisión para ese empleado público afectado por la decisión del jefe de la agencia para la cual trabaja. No hay razón alguna para no establecerlo, *de una vez*, de forma tal que se *protejan adecuadamente* todos los "intereses y derechos" envueltos en la controversia. Nuestra misión de que se imparta justicia, *en la forma más correcta, rápida y menos onerosa posible,* así lo exige.

## II

El peticionario Dávila Dávila argumenta que —no obstante el procedimiento establecido por el antes citado Art. 20 de la Ley de Armas de Puerto Rico, mediante el cual un *empleado* público puede obtener *administrativamente* una licencia para portar armas del Superintendente de la Policía— él tiene derecho a *recurrir directamente al foro judicial,* bajo las disposiciones del Art. 21 de la referida Ley de Armas de Puerto Rico, 25 L.P.R.A. sec. 431, para la obtención de una licencia de portar armas.

Dicha disposición legal fue igualmente enmendada en fecha reciente.(3) El primer párrafo de la misma, sin embargo, permaneció inalterado. Dispone el citado Art. 21, *en lo pertinente,* que:

> *En adición a las licencias a que se refiere la sección precedente,* podrá concederse licencia para portar, transportar y conducir una pistola o revólver por el Tribunal Superior de Puerto Rico en su sala correspondiente al domicilio del solicitante previa audiencia del fiscal, *si se probare, a juicio del tribunal, peligro de muerte o de grave daño personal para el peticionario y las circunstancias del caso demostradas mediante declaraciones juradas del solicitante y de testigos, justificaren la necesidad de la licencia.* (Énfasis suplido.) 25 L.P.R.A. sec. 431.

No hay duda que, *de la estipulación que suscribieron a nivel de instancia el peticionario Dávila Dávila y el Ministerio Fiscal,*(4) surgen hechos de los cuales se puede concluir que el referido peticionario, como consecuencia de las funciones que

---

(3) Ley Núm. 89 de 13 de julio de 1988.

(4) La *estipulación* suscrita por las partes a nivel de instancia fue a los efectos de que:

"El peticionario es mayor de edad, casado y vecino de Río Piedras, Puerto Rico. Es empleado del Departamento de Recursos Humanos [sic] del Estado Libre Asociado y se desempeña como Arqueólogo. Su *horario de trabajo es uno irregular,* lo que conlleva *la realización de tareas en áreas rurales* en toda la Isla de Puerto Rico *y pernoctar regularmente en lugares distantes y despoblados, tales como cuevas y montañas.* Como parte de sus funciones realiza trabajos de investigación arqueológica *y tiene bajo su custodia equipo y materiales valiosos; acostumbra llevar consigo dinero en efectivo* para adquirir piezas arqueológicas, para el pago de ayudantes y para compensar por información relacionada con sus investigaciones. *Que estos hechos son de conocimiento público y teme ser asaltado, despojado del equipo que lleva consigo y recibir grave daño corporal.* Tiene conocimiento sobre el uso y manejo de armas de fuego y posee Licencia Núm. 170750

desempeña regularmente como arqueólogo del Departamento de Recursos Naturales, contínuamente está expuesto a sufrir, por lo menos, "grave daño personal", razón por la cual se puede razonablemente inferir que le cobijan las disposiciones del referido Art. 21 de la Ley de Armas de Puerto Rico, ante. Esto es, su argumentación a los efectos antes mencionados, *no es una carente de méritos*.

Ello no obstante, nos inclinamos a coincidir con la posición asumida en la sentencia mayoritaria emitida a los efectos de que un *empleado* público que se encuentra en la situación del peticionario Dávila Dávila, *de ordinario*, viene en la obligación de utilizar el *procedimiento administrativo* que provee el vigente Art. 20 de la Ley de Armas de Puerto Rico, ante, en la obtención de una licencia de portar armas; esto es, solicitar —previo el endoso del jefe de agencia— la expedición de una licencia de portar armas del Superintendente de la Policía de Puerto Rico.

No debe olvidarse que, conforme surge de un *análisis integral* de las disposiciones de la Ley de Armas de Puerto Rico, en nuestra jurisdicción la *norma general* en materia de posesión o portación de armas de fuego *es una de restricción o control*. A esos efectos, véase *Pueblo v. Del Río*, 113 D.P.R. 684, 689 (1982). Ello siempre ha sido así.

No tenemos duda, en consecuencia, que la aprobación de la Ley Núm. 15, ante, mediante la cual se enmendó el citado Art. 20 de la Ley de Armas de Puerto Rico a los efectos de concederle autorización expresa al Superintendente de la Policía para expedir licencias de portar armas a los empleados públicos *responde a, y está acorde con, la norma general antes expuesta de restricción o control en materia de posesión o portación de armas de fuego.*

En otras palabras, somos del criterio que la *obvia intención* de la Asamblea Legislativa al aprobar la citada Ley Núm. 15 *fue la de controlar aún más, y centralizar en una persona, la expedición de licencias a empleados públicos que, por razón de*

---

para tener y poseer arma de fuego otorgada por el Superintendente de la Policía de Puerto Rico." (Énfasis suplido.) Apéndice, pág. 4.

*las funciones o labores que realizan con motivo de su empleo, ameritan portar sobre sus personas un arma de fuego.* La intención a esos efectos de la Asamblea Legislativa *resulta aún más evidente* cuando notamos que, inclusive, *condicionó* la facultad que a esos efectos le concedió al Superintendente; esto es, al exigir el *endoso previo* del jefe de agencia para que el Superintendente pueda expedir la licencia de portar arma al empleado público.

Debe quedar *meridianamente claro*, sin embargo, que el hecho de que sostengamos que la intención de la Asamblea Legislativa, al enmendar el Art. 20 de la Ley de Armas de Puerto Rico, ante, fue a los efectos de que el empleado público que entienda que, por razón de las funciones y labores que realiza, amerita que se le conceda una licencia de portar armas viene, de ordinario y en primera instancia, en la obligación de utilizar el procedimiento administrativo que establece el citado Art. 20, *no significa que los tribunales de instancia estén jurídicamente impedidos de atender el reclamo urgente de ese empleado público —como el de cualquier otro ciudadano— al amparo de las disposiciones del citado Art. 21 de la referida Ley cuando, a juicio del tribunal, ello sea procedente en derecho.* Existen innumerables circunstancias y situaciones, las cuales resulta innecesario enumerar en este momento, en que la vida de ese empleado público, como la de cualquier otro ciudadano, puede súbitamente advenir en peligro de muerte o de recibir grave daño corporal; *las cuales circunstancias pueden, o no, estar relacionadas con el empleo que desempeña la persona.* La decisión de atender ese reclamo urgente del empleado público, como la de cualquier otro ciudadano, debe quedar a la *sana discreción* de nuestros tribunales de instancia.

## III

Consideraciones de índole práctica impiden que suscribamos la sentencia mayoritaria emitida por el Tribunal, la cual confirma la sentencia emitida en el caso a nivel de instancia.

No hay duda que al momento en que el peticionario Dávila Dávila radicó ante el foro de instancia su petición *ex parte* sobre licencia de portar armas, ya estaban vigentes las disposiciones de la citada Ley Núm. 15 de 1988. En consecuencia, estando su solicitud de licencia de portar armas inextricablemente atada a las labores y funciones que como *empleado* público él realizaba en el Departamento de Recursos Naturales del Gobierno de Puerto Rico, y no existiendo circunstancias urgentes que ameritaran la intención inmediata del foro judicial, el peticionario venía en la obligación de tramitar su solicitud a través del procedimiento que establece el citado Art. 20 de la Ley de Armas de Puerto Rico, según el mismo fuere enmendado. No lo hizo.

Ello no obstante, son hechos igualmente incontrovertidos[5] que: (1) las *razones* que el peticionario aduce en apoyo de su solicitud —referentes las mismas a las labores que él realiza como arqueólogo del mencionado Departamento de Recursos Naturales, según éstas surgen de la estipulación suscrita por las partes— *son meritorias y válidas*, y (2) que la *negativa* de endoso *que ya* el Secretario del referido Departamento emitió *no puede ser sostenida judicialmente* en vista del fundamento que dicho Secretario adujo en apoyo de la misma.

En primer lugar, somos del criterio que nadie puede seriamente cuestionar el hecho de que la vida de una persona puede correr peligro cuando ésta se ve obligada, por razón de su empleo, a "pernoctar regularmente en lugares distantes y despoblados, tales como cuevas y montañas" (Apéndice pág. 4) localizadas en áreas rurales de Puerto Rico, sobre todo cuando dicha persona tiene bajo su custodia en esas ocasiones dinero, equipo y materiales valiosos. Por otro lado, el fundamento que adujo el Secretario del Departamento de Recursos Naturales en apoyo de su negativa de endoso —esto es, que a pesar de que en su carácter personal compartía la justificación de la solicitud, denegaba la misma debido a que era "política de [su] Departamento no endosar este tipo de solicitud" (Apéndice, pág. 30)— resulta ser

---

(5) La opinión mayoritaria emitida, inclusive, así lo reconoce.

evidentemente arbitrario e insostenible en derecho. Sabido es que discreción "significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *Pueblo v. Ortega Santiago*, 125 D.P.R. 203, 211 (1990). La misma, sin embargo, nunca puede ser entendida como facultad para resolver siempre de la misma manera sin tomar en consideración las circunstancias del caso en particular. *Pueblo v. Sánchez González*, 90 D.P.R. 197 (1964). *De hecho, el jefe de agencia que se niegue tajantemente a considerar en sus méritos las referidas solicitudes viola la intención, propósito y objetivo de la Ley Núm. 15 de 1988.*

Nos encontramos ante una situación en que no sólo son meritorias las razones que aduce el empleado público como justificación de su solicitud de licencia para portar armas, sino que la negativa de endoso a dicha solicitud emitida por el jefe de la agencia para la cual él trabaja es una arbitraria que no puede jurídicamente ser sostenida. Por otro lado, aun cuando erróneamente, ya ese empleado público radicó ante el foro judicial un procedimiento que actualmente está todavía pendiente.

En vista de lo expuesto en la Parte I de la presente ponencia, y con el propósito de que la *meritoria* solicitud del peticionario Dávila Dávila sea resuelta *en la forma más rápida y menos onerosa posible*, revocaríamos la sentencia desestimatoria emitida en el presente caso por el Tribunal Superior de Puerto Rico, Sala de San Juan, y devolveríamos el caso al referido foro con instrucciones de que, manteniendo jurisdicción en el asunto, remita la solicitud al Superintendente de la Policía de Puerto Rico para que éste, al amparo de lo dispuesto en el citado Art. 20 de la Ley de Armas de Puerto Rico, resuelva prontamente si debe conceder o no la licencia de portar armas solicitada por el peticionario como empleado público. *Consideraciones de índole práctica, y de justicia, nos impiden que le ordenemos al peticionario Dávila Dávila que comience, nuevamente desde un principio, el procedimiento administrativo que establece el antes mencionado Art. 20 de la Ley de Armas de Puerto Rico.*

En resumen, somos del criterio que, debido a que estamos resolviendo que los *empleados* públicos vienen en la obligación de utilizar, con el propósito de obtener una licencia de portar armas, el procedimiento administrativo prescrito por el vigente Art. 20 de la Ley de Armas de Puerto Rico, ante, *lo más justo y razonable es que diseñemos un procedimiento de revisión judicial integrado y eficiente en relación con el mismo.*

Por las razones antes expresadas, revocaríamos la sentencia recurrida.